EDMUND A. WHITMAN, trustee, & another *vs.* BOSTON TERMINAL
REFRIGERATING COMPANY & another.

Suffolk.    April 17, 1919. — July 15, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Pledge. Conversion. Damages,* In tort. *Practice, Civil,* Record.

Where, in an agreement pledging certain personal property to secure the payment
of a note of the pledgor, it is provided that, in case of bankruptcy of the pledgor,
the note shall forthwith become due and payable and the pledgee is empowered
"to sell, assign and deliver the whole or any part of said security . . . at public
or private sale, without demand, advertisement or notice of any kind, which
are hereby expressly waived," and that at such sale the pledgee may purchase
the whole or any part of the property pledged, free from any right of redemption
on the part of the pledgor, the pledgee, in any sale of the pledged property made
upon the pledgor becoming bankrupt, must act in good faith and use every
reasonable effort to protect the interest of the pledgor.

If the pledgee, in the agreement above described, is a corporation doing business in
Boston, whose entire common stock is owned by a corporation doing business in
Springfield, by which it is managed and controlled, and, acting under orders of
and in combination with the Springfield corporation, upon the bankruptcy of
the pledgor, for the sole purpose of benefiting the two corporations, sells and
ships the pledged property to the Springfield corporation at a price below
the market price and it is sold by the Springfield corporation within thirty days
at a very substantial profit, such a sale to the Springfield corporation may be
found to be fraudulent and voidable at the election of the pledgor and to
amount to a conversion.

It is not a condition precedent to a right on the part of the trustee in bankruptcy
under the circumstances above described to maintain an action of tort for con-
version against the pledgee and the Springfield corporation that a tender first
should be made to the pledgee of the amount to secure which the pledge was
made, since the pledgee had put it out of his power to return the property.

In such an action against the pledgee and a confederate for conversion of the
pledged property by a wrongful sale, the plaintiff may recover the fair market
value of the pledged property less the amount of the debt for which the goods
were pledged.

A bill of exceptions saved by the defendants at the hearing by a judge without a
jury of such an action, while it stated that the judge found for the defendants
and what he found to be the value of the property at the time of the conversion,
did not state the amount of the finding. The plaintiff's counsel in his brief
stated that the judge made a deduction of the amount of the debt in making
his finding, and, from the amount of the finding stated in the copy of the finding
transmitted to this court with the papers in the case and from the fact that the

defendants' counsel did not contend to the contrary, it was *held* that the judge in his finding had deducted the amount of the debt from the amount for which the property should have been sold.

TORT OR CONTRACT, originally by the trustee in bankruptcy of the Mills Tea and Butter Company against the Boston Terminal Refrigerating Company, the first two counts being in tort and the third being in contract, for damages resulting from the alleged wrongful sale by the defendant the Boston Terminal Refrigerating Company of fifteen hundred dozens of eggs and forty-three thousand five hundred and fourteen pounds of butter, pledged to it by the Mills Tea and Butter Company. Writ dated January 24, 1916.

After the entry of the action, the plaintiff was permitted to amend by adding as a party plaintiff the Mills Tea and Butter Corporation, assignee of the claim, and as an additional defendant the Eastern States Refrigerating Company.

Under the circumstances stated in the opinion, the count in contract became immaterial.

The action was heard by *Hall, J.,* without a jury. The alleged wrongful sale by the defendants was made on December 23, 1915. Other material evidence is described in the opinion. At the close of the evidence, the defendant moved that findings be made in its favor. The motion was denied. The defendant then asked for the following rulings, which were given by the judge, the last four being stated by him to have been given "if material":

"3. That the defendant the Boston Terminal Refrigerating Company on said December 23, 1915, was under no duty to sell said butter and eggs at retail or in separate lots."

"6. That under the terms of the notes in suit, it was competent for the defendant the Boston Terminal Refrigerating Company. on said December 23, 1915, to sell said butter and eggs to itself at private sale.

"7. That on said December 23, 1915, it was competent for the defendant the Boston Terminal Refrigerating Company to sell said butter and eggs at private sale to the Eastern States Refrigerating Company, a separate corporation, notwithstanding the fact that the latter company had the ownership and control of the common stock of the former company, and thereby controlled its management."

"9. That the plaintiff cannot maintain this as an action in

assumpsit or otherwise for an accounting and payment over of the proceeds of sale, because he has never affirmed said sale, but has at all times claimed that the sale was wrongful, fraudulent, colorable, etc.

"10. In a case like the present, where the pledgee is authorized to purchase the property, and does so at a sale rightfully made, he acquires a good title against the pledgor, and the sale binds the pledgor, and the pledgor can look only to the proceeds."

The following rulings, asked for by the defendant, were refused:

"1. Under the terms of the notes in evidence the defendant the Boston Terminal Refrigerating Company had a clear right to sell and dispose of the entire lot of butter and eggs held as security for said notes, en bloc, and for immediate cash, on said December 23, 1915; meaning that it had a right to clean up the entire transaction on that day.

"2. That the defendant, the Boston Terminal Refrigerating Company on said December 23, 1915, was under no duty to delay said sale because of the dullness of the market, or in order to get a better price."

"4. That under the circumstances of this case, the primary and paramount duty of the defendant the Boston Terminal Refrigerating Company on December 23, 1915, was to protect its loans for the benefit of itself and the First National Bank of Boston, and of the holders of its own paper; and that its duty to the Mills Tea and Butter Company was subordinate and secondary to the duty of protecting its loans.

"5. That on December 23, 1915, the defendant the Boston Terminal Refrigerating Company had the right as aforesaid to sell and dispose of all the said butter and eggs en bloc, for immediate cash on that day, and it was under no duty or obligation to notify the Mills Tea and Butter Company of the said sale, or to demand payment of the notes, or to advertise the sale."

"8. That the plaintiff cannot maintain his count for conversion, because there has not been at any time any tender of payment made of the amount due on the notes in evidence."

"11. In a case like this, the pledgee is not required to exercise the same care, prudence and diligence that a prudent man would in the sale of his own property."

The judge found for the plaintiff in the sum of $2,904.90, on

the ground that the defendants had converted the butter and eggs, finding the butter worth twenty-seven cents a pound and the eggs twenty-seven cents a dozen in the market on that day. The defendants alleged exceptions.

The case was submitted on briefs.

*G. L. Wilson,* for the defendants.

*E. A. Whitman,* trustee, *pro se.*

BRALEY, J.   The action is in tort or contract and it is plain that the first two counts in tort rest on a disaffirmance, while the third count in contract is based on an affirmance of the alleged sale of the butter and eggs, the property in controversy.   While it does not appear that at the close of the evidence the plaintiff was required to elect, the presiding judge having given the defendants' ninth request that the plaintiff "cannot maintain this as an action in assumpsit or otherwise for an accounting and payment over of the proceeds of sale, because he has never affirmed said sale, but has at all times claimed that the sale was wrongful, fraudulent, colorable, etc." and found for the plaintiff on the ground "that defendants had converted the butter and eggs," the third count calls for no further comment.

The rights of the pledgor, the Mills Tea and Butter Company, of which the individual plaintiff is trustee in bankruptcy, and the Boston Terminal Refrigerating Company, the pledgee, are to be ascertained from the contracts under which the property was delivered as collateral security for the payment with interest of certain promissory notes on demand, given for money lent by the pledgee to the bankrupt.   The pledge in each instance provides, that not only on non-payment of the notes, but in case of bankruptcy the notes and all other liabilities of the pledgor shall forthwith become due and payable, and the pledgee is empowered "to sell, assign and deliver the whole or any part of said security . . . at public or private sale, without demand, advertisement or notice of any kind, which are hereby expressly waived," and at such sale the pledgee may purchase the whole or any part of the property sold free from any right of redemption on the part of the pledgor. The pledgee, "a public warehouseman," in accordance with authority expressly conferred by the agreements, rehypothecated for its own debts to a national bank the notes which were overdue and unpaid at the date of bankruptcy; and the pledgee, as it

asserted acting under the power and for the purpose of obtaining money to take up the notes after the pledgor had gone into bankruptcy, transferred and delivered the property to the co-defendant, the Eastern States Refrigerating Company, for an amount paid by draft and check apparently sufficient to liquidate the indebtedness with interest and all lawful charges. The pledgor having defaulted and become a bankrupt, the pledgee under the express terms of the power was not required to give notice to the trustee, or to the bankrupt, or to sell at public auction. *Wilson* v. *Hawley*, 158 Mass. 250, 253. The right to foreclose having accrued, the pledgee, while bound to get whatever the property was reasonably worth under going market conditions at the time of sale, was not required to wait, and could sell at once even if by prudent delay a better price might have been obtained. *Newsome* v. *Davis*, 133 Mass. 343, 348. *Clark* v. *Simmons*, 150 Mass. 357, 359. *Hall* v. *Paine*, 224 Mass. 62, 72, 73.

But, the issue of fraud having been raised, the defendant's first, second, fifth, and eleventh requests, which omitted all reference to good faith in making the sale, were denied rightly. The judge was warranted in finding on the evidence that the Eastern States Refrigerating Company as owner of the entire common stock, managed and controlled not only the corporation but the commercial dealings of the pledgee; or, as stated in the record, the business was "indirectly operated" by the Eastern States Refrigerating Company. And that after the negotiations for the sale of the butter to the Massasoit Creamery Company fell through, the pledgee, acting under the orders of and in combination with the Eastern States Refrigerating Company, to which the butter had been shipped from Boston to Springfield for delivery to the Massasoit Creamery Company, and for the sole purpose of benefiting themselves, made the transfer of the butter as well as of the eggs, which he further could find was known to the parties to be worth much more than the price obtained. A further finding was warranted that the Eastern States Refrigerating Company, the alleged purchaser, and not the pledgee fixed the price and ordered the property shipped to it.

It was the duty of the pledgee to use every reasonable effort to protect the interest of the pledgor. *Bon* v. *Graves*, 216 Mass. 440, 446. It could not for its own exclusive benefit, or for the benefit

of its overlord, sell at a price which under the judge's finding was largely below the market price, and which, because of the quantity of butter disposed of, resulted in a very substantial profit to the parties as shown by the prices at which the butter within a period of less than thirty days was resold. The power gives authority only to make a lawful sale. If the sale was found to be fraudulent and therefore voidable at the election of the pledgor, the pledgee, although the lien had not been discharged, was guilty of conversion. It had put itself in a position where it could not redeliver the property on payment of the debt. *Fletcher* v. *Dickinson,* 7 Allen, 23. *Merrifield* v. *Baker,* 9 Allen, 29; *S. C.* 11 Allen, 43. *Fowle* v. *Ward,* 113 Mass. 548. *Hancock* v. *Franklin Ins. Co.* 114 Mass. 155. *Hathaway* v. *Fall River National Bank,* 131 Mass. 14.

The defendants contend that, even if the pledgor after default had not been divested of its general title, it had no right to a return of the property or possession until it tendered payment of the outstanding obligations. See *Harding* v. *Eldridge,* 186 Mass. 39, 42; *Doyle* v. *Peerless Motor Car Co. of New England,* 226 Mass. 561; *Beacon Motor Car Co.* v. *Shadman,* 226 Mass. 570. And by the eighth request the judge was asked to rule "that the plaintiff cannot maintain his count for conversion, because there has not been at any time any tender of payment made of the amount due on the notes in evidence." It is argued that, until the debt is paid off, the pledgee has the whole of the present interest, and that a sale does not entitle the pledgor to bring an action for conversion which assumes the right to immediate possession. *Jarvis* v. *Rogers,* 13 Mass. 105; *S. C.* 15 Mass. 389. *Cumnock* v. *Newburyport Institution for Savings,* 142 Mass. 342, 346.

But a tender is not necessary as a condition precedent where the pledgee, if he acts wrongfully, has put it out of his power to return the property. The pledgor under such conditions may recover the fair market value of the merchandise less the amount of the debt for which the goods were pledged. *Chamberlin* v. *Shaw,* 18 Pick. 278. *Whitaker* v. *Sumner,* 20 Pick. 399. *Briggs* v. *Boston & Lowell Railroad,* 6 Allen, 246. *Fletcher* v. *Dickinson,* 7 Allen, 23. *Fowle* v. *Ward,* 113 Mass. 548. *Farrar* v. *Paine,* 173 Mass. 58. 21 R. C. L., Pledge, § 39, and cases and authorities there collected.

The printed record fails to show that any such deduction was made. The plaintiff's counsel however states in his brief that this course was taken at the trial, and it is apparent from the copy of the judge's finding transmitted with the papers when read in connection with the evidence of value found in the record, and the fact that the statement is not denied by the defendants' counsel, that damages were awarded only for the excess in value of the property over the amount of the debts.

It follows that the eighth request was denied rightly, and, finding no error in the refusal to give the fourth request, that the paramount duty of the Boston Terminal Refrigerating Company "was to protect its loans for the benefit of itself and the . . . Bank . . ., and of the holders of its own paper," while its duty to the pledgor was subordinate, the exceptions must be overruled.

*So ordered.*