IRVING ABRAMS *vs.* FACTORY MUTUAL LIABILITY INSURANCE COMPANY.

Suffolk.    May 10, 1937. — September 15, 1937.

Present: RUGG, C.J., CROSBY, DONAHUE, LUMMUS, & QUA, JJ.

*Insurance*, Motor vehicle liability.  *Negligence*, Of insurer.  *Practice, Civil*, Appeal.

The insurer under a policy of motor vehicle liability insurance, which was given the sole right, to the exclusion of the insured, to defend an action against him and agreed so to defend, was liable to him either in contract or in tort for its negligence in preparation for and trial of an action resulting in a judgment against him in excess of the policy limit.

The policy limit in a motor vehicle liability insurance policy did not limit the insurer's liability to the insured for its negligence in the performance of its promise to defend him.

The insurer under a motor vehicle liability insurance policy which provided for defence of the insured by the insurer and gave it authority at its option to settle claims could not be found liable for negligence in refusing in good faith to settle a claim for a sum within the policy limit although a reasonably prudent person exercising due care "from the standpoint of the" insured would have made such settlement and, in an action upon the claim following such refusal, there was judgment against the insured for an amount in excess of that limit.

No appeal lies from the denial of a motion to amend the declaration in an action at law.

CONTRACT OR TORT.    Writ in the Superior Court dated September 28, 1936.

A demurrer by the defendant to a substitute declaration was sustained as to each count, and a motion by the plaintiff to amend the substitute declaration was denied, by *Williams*, J.    The plaintiff appealed from both orders.

*C. M. Goldman*, for the plaintiff.

*M. Z. Kolodny*, for the defendant.

Qua, J.    The first count is in contract. It alleges in substance that the defendant issued a motor vehicle liability policy to the plaintiff; that the plaintiff was concerned in an accident in the State of Connecticut which was covered by the policy and as a result of which one Lawrence brought an action against the plaintiff; that the action was defended by the defendant; that the plaintiff complied in all respects with the terms of the policy, but that the defendant, in violation of its obligations under the policy, "failed to use proper care and due diligence in the investigation, preparation of the case for trial and trial of the case," as a result of which judgment was entered against the plaintiff in the sum of $15,000 and costs, or $10,000 in excess of the limit of the defendant's liability in the policy; and that the defendant, in further violation of its obligations under the policy, wilfully failed and refused to settle Lawrence's claim within the policy limit of $5,000, "when in a position to do so," and "when a reasonable [*sic*] prudent person exercising due care from the standpoint of the assured would have so settled the case, and such failure constituted bad faith on the part of the defendant." It is further alleged that the defendant paid $5,000 on account of the judgment against the plaintiff, and that the plaintiff was compelled to expend $2,500, including his counsel fees, to settle the balance of the judgment against him.

The second count is in tort for negligence. Its allegations are practically the same as those of the first count, except that the failure to settle is alleged to have been negligent.

The policy, a copy of which was annexed to the declaration, contained a "Non-Statutory" or extraterritorial clause indemnifying the insured against loss by reason of legal liability for injuries accidentally sustained outside this Commonwealth "to the sum of five thousand dollars ($5,000) for one person injured." In the "Conditions" were provisions whereby the company agreed to defend as provided in the policy, "or at the option of the Company to settle, in the name and on behalf of the Insured" claims or suits for such injuries, and whereby the insured, although required

to assist in the defence, was forbidden to "interfere in any negotiation for settlement or legal proceeding, without the consent of the Company."

A demurrer was sustained as to each count on the ground that the matters contained therein were insufficient in law to maintain the action.

We think that each count did contain a statement of a cause of action. By the express terms of the policy the defendant obligated itself to defend lawsuits. If it did not settle, it was bound to defend. *Connolly* v. *Bolster*, 187 Mass. 266, 270. *Miller* v. *United States Fidelity & Guaranty Co.* 291 Mass. 445, 448. When a party binds himself by contract to do a work or to perform a service, he agrees by implication to do a workmanlike job and to use reasonable and appropriate care and skill in doing it. This is true whether the work consists in building a house, repairing an automobile, treating a patient or defending against a claim or a lawsuit. The plaintiff could maintain an action of contract against the defendant if, without excuse, the defendant wholly refused to defend. He can likewise maintain an action of contract if the defendant defended negligently.

An examination of the relation of the parties from another standpoint leads to the same conclusion. The policy not only includes a promise by the insurer to defend against claims and lawsuits, but gives it the sole right to defend to the entire exclusion of the insured. Such a clause in such a policy has been referred to as creating both an obligation and a privilege. *Rollins* v. *Bay View Auto Parts Co.* 239 Mass. 414, 420. It is inserted primarily for the benefit of the insurer in the sense that where there is a conflict of interest between insurer and insured the insurer may exercise the right to defend for its own advantage, even though from the standpoint of the insured a different course would have been preferable. Thus the insurer may prosecute exceptions although risk to the insured may be involved. *Davison* v. *Maryland Casualty Co.* 197 Mass. 167, 171. Or it may consent to a judgment, although a subsequent action by the insured may be prejudiced. *Long* v. *Union Indemnity Co.* 277 Mass. 428. (See now,

however, G. L. [Ter. Ed.] c. 231, § 140A, as inserted by St. 1932, c. 130.) In short the insured has transferred to the insurer his right to defend himself as security to the insurer for the risk undertaken. But the insured still has an interest in his own defence which may be financially greater than the interest of the insurer, if the claim is likely to result in a large judgment, and if the limit of the insurer's liability is low. In general a security holder may use the security to the extent necessary for his own protection, but he must not negligently sacrifice the rights of others. *Guinzburg* v. *H. W. Downs Co.* 165 Mass. 467. *Benj. N. Moore & Sons Co.* v. *Manufacturers National Bank*, 261 Mass. 328, 332.

The count in tort states a cause of action as well as the count in contract. Although the duty arises out of the contract and is measured by its terms, negligence in the manner of performing that duty as distinguished from mere failure to perform it, causing damage, is a tort. *Bryant* v. *Rich*, 106 Mass. 180, 190. *Tuttle* v. *George H. Gilbert Manuf. Co.* 145 Mass. 169, 174. *Vannah* v. *Hart Private Hospital*, 228 Mass. 132. *Hebbard* v. *McDonough*, 245 Mass. 204, 208. *Attleboro Manuf. Co.* v. *Frankfort Marine, Accident & Plate Glass Ins. Co.* 240 Fed. 573, 578.

We need not at this stage of the case consider whether an attorney employed by the insurer to defend is an independent contractor for whose negligence the insurer is not liable. The declaration alleges negligence on the part of the defendant itself.

The limit of $5,000 placed in the policy upon the defendant's liability under its promise of indemnity has no effect in limiting its liability for negligence under its additional promise to defend. *Attleboro Manuf. Co.* v. *Frankfort Marine, Accident & Plate Glass Ins. Co.* 240 Fed. 573, 582.

As each count also charges negligence in refusing to make a settlement within the policy limit, and as the case has been fully argued, it is proper to add that in our opinion liability under this policy for such negligence is negatived by the terms of the policy itself. There is no promise to settle or

to attempt to settle comparable to the promise to defend where there is no settlement. Defence is a part of the protection of the policy. Settlement is optional with the insurer. Although the insured may be prejudiced by the insurer's refusal to accept an advantageous offer, yet we think that the policy entrusts the matter of settlement to the judgment of the insurer, and that its judgment, exercised in good faith, is final. The practical difficulties of any other construction are strongly stated in *Best Building Co. Inc.* v. *Employers' Liability Assurance Corp. Ltd.* 247 N. Y. 451. See also *Long* v. *Union Indemnity Co.* 277 Mass. 428; *Georgia Casualty Co.* v. *Mann*, 242 Ky. 447; *Schmidt* v. *Travelers Ins. Co.* 244 Penn. St. 286; *McDonald* v. *Royal Indemnity Ins. Co.* 109 N. J. L. 308; *Johnson* v. *Hardware Mutual Casualty Co.* 108 Vt. 269; *Noshey* v. *American Automobile Ins. Co.* 68 Fed. (2d) 808. We need not decide that there can never be actionable negligence of any kind in connection with the handling of settlements, but something more must be shown than failing to make a settlement which a reasonably prudent person exercising due care "from the standpoint of the assured" would have made. The declaration also mentions "bad faith," but the context shows that nothing more is meant by this than the refusal to make a prudent settlement.

The weight of authority supports these conclusions. Some of the apparent differences can be explained by differences in the wording of the policies. *Rumford Falls Paper Co.* v. *Fidelity & Casualty Co.* 92 Maine, 574. *Wakefield* v. *Globe Indemnity Co.* 246 Mich. 645. *Mendota Electric Co.* v. *New York Indemnity Co.* 175 Minn. 181. *Cavanaugh* v. *General Accident Fire & Life Assurance Corp.* 79 N. H. 186. *Douglas* v. *United States Fidelity & Guaranty Co.* 81 N. H. 371. *Brassil* v. *Maryland Casualty Co.* 210 N. Y. 235. *McAleenan* v. *Massachusetts Bonding & Ins. Co.* 173 App. Div. (N. Y.) 100. *Hilker* v. *Western Automobile Ins. Co.* 204 Wis. 1. *Attleboro Manuf. Co.* v. *Frankfort Marine, Accident & Plate Glass Ins. Co.* 240 Fed. 573. *American Mutual Liability Ins. Co.* v. *Cooper*, 61 Fed. (2d) 446. *Noshey* v. *American Automobile Ins. Co.* 68 Fed. (2d) 808.

The case of *Nesson* v. *United States Casualty Co.* 201 Mass. 71, arose under a different form of policy and does not touch the questions here discussed. ˙

The order sustaining the demurrer is reversed.

The plaintiff's appeal from the order of the court denying his motion to amend his substitute declaration is not properly before us and must be dismissed. *Means* v. *Leveroni,* 297 Mass. 61.

*So ordered.*