*Northern District*
No. 6522

## STEVEN UHLMAN

v.

## HOWARD WONSON

Argued: June 21, 1967 Decided: Sept. 27, 1967

*Present:* Connolly, J. (Presiding), Parker, J. Yesley, J.J.

Case tried to *De Marco, J.* in the District Court of Eastern Essex. No. 18344/64.

*Connolly, J.* *This case involves an alleged conversion of a* small boat, its motor and canopy top.

The declaration was originally in three counts

— the first two for conversion and the third a common count for money received by the defendant for the plaintiff's use. The third count was waived by the plaintiff subsequent to the hearing by this Division.

The defendant filed a declaration in set-off for work and materials provided on the chattels of the plaintiff. He also filed a demurrer which was overruled and which is not in issue.
 (It should be noted that set-off is not allowed in an action for conversion.) G.L. 232, § 1. *Lane* v. *Volunteer Cooperative Bank,* 307 Mass. 508, 511.

We quote the reported evidence.

"That the plaintiff was the owner of the goods mentioned in his declaration; that sometime in 1961 the plaintiff left said goods (one 20 foot boat, one boat motor and a plastic convertible canopy top) with the defendant for mooring. The plaintiff agreed in open court that he owed the defendant the amount of the counter claim of $280.00 for work done by the defendant upon said boat; that the defendant originally acquired possession of said property from the plaintiff.

"At the trial there was conflicting evidence on the following:

"That the plaintiff made demand upon the defendant for the return of said boat; that the plaintiff abandoned said property; that the defendant converted and used said

property; that the defendant offered to return said property to the plaintiff and that at the time the said property was offered for return, said property was in substantially the same condition that it was at the time the plaintiff had left it with the defendant; that the value of said property was $2,965.00 at the time of alleged conversion and that the value of said property was $75.00 at the time of conversion. That there was evidence which showed that the defendant did deliver said boat to third parties for use unauthorized by the plaintiff without the permission of the plaintiff and that these parties did use said boat. That the plaintiff never returned for his said property until the Spring of 1966 and that the defendant was not in the business of repair and storage of boats or their appurtenances.''

The defendant seasonably filed a number of requests for rulings, all of which were allowed except those numbered 2 and 4 which read:

#2 The evidence does not warrant a finding for the plaintiff as to any count.

#4 The evidence does not warrant findings that the plaintiff ever made demand or proper demand of the defendant to return his said boat and property as alleged in his declaration.

The trial judge found as follows:

''I find as a fact that the defendant did

convert to his own use, the property described as a boat, motor, and convertible plastic canopy top, of the plaintiff; that the plaintiff never abandoned said property and that the fair value of said property at the time of conversion was $2,965.-00.

"I find for the plaintiff in the declaration in set-off, in the amount of $280.00, in accordance with agreement of counsel, made in open court."

The trial judge did not state under which of the counts he was making his finding.

Although the report is not clear as to the reasons why the defendant claims to be aggrieved, the denial of request #2 furnishes the only questions of law for review by this Division. And our review is limited to determining if there was error in this denial. G.L. Chap. 231, § 108. *Butler* v. *Cromartie*, 339 Mass. 4.

Request #2 could not be allowed unless a finding for the defendant was required as a matter of law. If there was support in the evidence for the finding for the plaintiff, then the request was properly denied. *Hooper* v. *Kennedy*, 320 Mass. 576.

From the evidence, including that which was conflicting, the trial judge could have found that the plaintiff in 1961 was the owner of a small boat, together with a motor and top. He brought these chattels to the defendant for the purpose of having the boat moored. The de-

fendant did some work on the boat for which the charge was $280.00 and the plaintiff acknowledges that he is indebted to the defendant for this amount. Sometime between 1961, when he turned his boat over to the defendant, and the spring of 1966, the plaintiff made a demand on the defendant for the return of his boat.

While the defendant was in possession of the boat, he permitted third parties to use it and this use was unauthorized by the plaintiff.

The value of the chattels involved was $2,965.-00 at the time of the alleged conversion.

The trial judge found as a fact that the defendant did convert the chattels in question. But we do not know what action or actions of the defendant he considered a conversion.

Was it the demand (and presumably the refusal by the defendant to deliver the chattels to the plaintiff) ?

If the defendant had a lien on the chattels, and from the evidence, we are inclined to think he did, either at Common Law or under the Statute (G.L. c. 225, § 14), the demand would have to be accompanied by a tender of the amount due ($280.00) before the refusal to comply with it would constitute a conversion.

An action of conversion requires that the plaintiff have a right to immediate possession. *Fowler* v. *Parsons,* 143 Mass. 401; *Treasurer* and *Receiver General* v. *Tremont Storage Warehouse, Inc.,* 296 Mass. 531.

An exception exists where the lien-holder,

if he acts wrongfully, has put it out of his power to return the property. The owner, under such conditions, may recover the fair market value of the merchandise less the amount of the lien. (Although set-off is not allowed in conversion cases, this rule of damages obviates the need of set-off in most instances). *Whitman* v. *Boston Terminal Refrigerating Company*, 233 Mass. 386, 391. *Benj. N. Moore & Sons Co.* v. *M'F'RS. Nat'l Bank*, 261 Mass. 328. No evidence is reported to indicate that the exception applies here.

If the trial judge made his finding that the defendant converted the chattels because of the unauthorized use, he should have said so and furnished this Division with sufficient detail in that connection so that we might determine if the finding was supported by the evidence.

The American Law Institute in its *Restatement of the Law* has furnished guide lines for conversion actions. They follow:

> "(1) Conversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel.

> (2) In determining the seriousness of the interference and the justice of requiring the actor to pay the full value, the following factors are important:

(a) the extent and duration of the actor's exercise of dominion or control;

(b) the actor's intent to assert a right in fact inconsistent with the other's right of control;

(c) the actor's good faith;

(d) the extent and duration of the resulting interference with the other's right of control;

(e) the harm done to the chattel;

(f) the inconvenience and expense caused to the other.''

*Restatement 2d: Torts, Sec. 222A*

We adopt these guide lines in principle and the trial judge may have applied them. However, the report lacks evidence that he did.

■ The report contains the necessary statement that it includes by incorporation and reference, all matter and evidence necessary to present the questions of law reported. We suspect, however, that there was a good deal more evidence in the case than was reported and probably enough to support the finding of the trial judge. For that reason, we are reluctant to rule that the denial of Request #2 was prejudicial error and reverse the finding.

We consider that the interests of justice will be best served by a new trial on the merits. Accordingly, the case is remanded to the District Court of Eastern Essex with instructions to the Clerk to strike the finding for the plaintiff and

to set the case down for a new trial on the merits.

THOMAS M. SIMMONS
 for the Plaintiff
ELLSWORTH T. JOHNSON
 for the Defendant