SUPERIOR COURT 
 
 ROBERT SHEINKOPF (INDIVIDUALLY), SYBIL SHEINKOPF (INDIVIDUALLY), AND MARILYN SHEINKOPF NEWMAN AND LAURE SHEINKOPF AS TRUSTEES OF THE ROBERT SHEINKOPF FAMILY IRREVOCABLE TRUST v. PACIFIC LIFE INSURANCE COMPANY

 
 Docket:
 2384CV1704-BLS2
 
 
 Dates:
 February 6, 2025
 
 
 Present:
 Kenneth W. Salinger Justice of the Superior Court
 
 
 County:
 SUFFOLK
 

 
 Keywords:
 DECISION AND ORDER ON PLAINTIFFS’ MOTION TO AMEND THEIR COMPLAINT
 
 

 Robert and Sybil Sheinkopf, together with their daughters as Trustees of the Robert Sheinkopf Family Irrevocable Trust, seek a declaratory judgment that Pacific Life Insurance Company acted improperly in terminating a “second to die” variable universal life insurance policy that it issued to the Trust. The Sheinkopfs arranged for this Policy, to cover any estate tax due after Robert and Sybil have both died. The current complaint also asserts that Pacific Life committed breach of contract by cancelling and refusing to reinstate the Policy.
Plaintiffs have moved for leave to amend their complaint. Pacific Life does not object to the addition of new factual allegations or the proposed revisions to the existing claims. But it opposes Plaintiffs’ request to add new claims asserting that Pacific Life is liable on theories of negligence, unjust enrichment, breach of fiduciary duty, and violating G.L. c. 93A. Pacific contends that those claims would be futile because they could not survive a motion to dismiss.
The Court will permit Plaintiffs to add their new claim for negligence. The facts alleged in the proposed amended complaint plausibly suggest that Pacific Life negligently performed a contractual duty to provide the Trust with notice that the Policy would soon lapse without the payment of additional premium amounts. This cause of action is recognized under Massachusetts law, and the Trust and the Sheinkopfs all have standing to assert this claim. It would therefore not be futile to add this claim to Plaintiffs’ complaint.[1]
 
--------------------------------------------
 
[1] “Courts are not required to grant motions to amend prior complaints where  ‘the proposed amendment ... is futile.’ ” Johnston v. Box, 453 Mass. 569, 583 (2009), quoting All Seasons Servs., Inc. v. Commissioner of Health & Hosps. of
<continued…>
 
                                                            -1-
With respect to the proposed claim for unjust enrichment, the Court will permit the Sheinkopfs but not the Trust to add that cause of action to their claims. The Sheinkopfs may assert a claim for unjust enrichment in the alternative to their claims for breach of contract, because Pacific Life asserts that they lack standing to enforce the Policy. But the Trust’s proposed unjust enrichment claim would be futile, because it is undisputed that the Trust entered into a valid and binding contract with Pacific Life, and a claim of unjust enrichment cannot succeed where the parties entered into a valid contract that defines their rights and obligations.
The Court will not permit the Plaintiffs to add the two other proposed new claims because they would be futile. The facts alleged in the proposed amended complaint do not plausibly suggest that Pacific Life owed any fiduciary duty. And Plaintiffs’ allegations that Pacific Life was negligent and breached contractual obligations by failing to provide effective notice that the policy was about to lapse do not plausibly suggest that Pacific Life violated G.L. c. 93A.
1. Negligence. Plaintiffs allege that the Policy was structured so that the Sheinkopfs had to make an initial lump sum payment, that money was invested by Pacific Life to cover the required monthly premiums, if the available balance was not sufficient to pay the premiums Pacific Life would inform the Sheinkopfs, and they would then make an additional payment to replenish the investment accounts. The Policy was issued in April 2006 with an initial face value (or initial total coverage) of $7.5 million. Plaintiffs allege that the Sheinkopfs paid Pacific Life almost $600,000 in premiums through 2021.
The Policy imposed a contractual obligation upon Pacific Life to give written notice whenever the accumulated value of the Sheinkopfs’ investment accounts was not sufficient to cover a monthly premium amount. So long as a sufficient additional premium was paid within a 61 day grace period, the Policy would remain in force. Otherwise, it would lapse. The Policy also required Pacific Life to provide a second notice thirty-one days prior to lapse, informing the Trust
 
--------------------------------------------
 
Boston, 416 Mass. 269, 272 (1993)). A proposed amendment would be futile if the new claims could not a survive motion to dismiss. Mancuso v. Kinchla,     60 Mass. App. Ct. 558, 572 (2004)  (affirming  denial  of  motion  to  amend). To survive a motion to dismiss under Mass. R. Civ. P. 12(b)(6), a complaint must make factual allegations that, if true, would “plausibly suggest … an entitlement to relief.” Lopez v. Commonwealth, 463 Mass. 696, 701 (2012), quoting Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).
 
                                                            -2-
 
of the impending lapse date and the additional premium payment required to keep the Policy in force.[2]
The proposed amended complaint would allege that Pacific Life informed the Trust that it had the right to designate one additional person to receive these required notices of potential lapse of coverage, and that the Sheinkopfs designated their financial advisor Sean Flynn to receive such notices.
In addition, the proposed amended complaint alleges facts plausibly suggesting that Pacific Life was negligent in providing required notices of potential lapse in late 2021. Plaintiffs allege that Pacific Life knew how to contact them and Flynn, that it sent notices to incorrect addresses, and that it negligently failed to follow up when notices sent to an old address for Mr. Flynn were returned as undeliverable. And they allege that as a result neither the Trust nor the Sheinkopfs nor Mr. Flynn received the notices, Plaintiffs had no idea that an additional premium payment was required, and Pacific terminated the Policy after no additional premium was paid.
These allegations state a viable tort claim for negligent performance of a contractual duty. Under Massachusetts law, any contract includes an implicit warranty or promise “to do a workmanlike job and to use reasonable and appropriate care and skill in doing it.” Herbert A. Sullivan, Inc. v. Utica Mut. Ins. Co., 439 Mass. 387, 395–396 (2003), quoting Abrams v. Factory Mut. Liab. Ins. Co., 298 Mass. 141, 143 (1937). “Although the duty arises out of the contract and is measured by its terms, negligence in the manner of performing that duty as distinguished from mere failure to perform it, causing damage, is a tort.” Id. at 396, quoting Abrams, 298 Mass. at 144. Whether a party “has satisfied a contractually imposed duty to use reasonable care is tested by reference to
 
--------------------------------------------
 
[2]  Plaintiffs’ argument that Pacific Life also had a statutory duty under G.L. c. 175, § 110B, to provide notice to the Insureds, meaning to Robert and Sybil Sheinkopf, is incorrect. This statute provides that a life insurance policy may not be terminated for nonpayment of premium any earlier than three months after the premium due date, and that the policy will remain in effect if the premium is paid in full during that three month period, unless the insurer sends timely notice of possible lapse to the insured. Section 110B does not impose any duty to send such a notice to the insureds; it merely provides that if such notice has been sent then a life insurance may be terminated for non- payment without a three-month waiting period.
 
                                                            -3-
 
ordinary principles of negligence.” Chow  v.  Merrimack  Mut.  Fire  Ins.  Co.,  83 Mass. App. Ct. 622, 627 (2013).
Pacific Life’s assertion that Plaintiffs lack standing to assert this negligence claim is without merit. The Trust has standing because it is the Owner of the policy. Robert and Sybil Sheinkopf have standing to sue for negligence, even though they are not parties to the insurance contract, because the proposed amended complaint will plausibly allege that the Sheinkopfs and their future estates have been foreseeably harmed by Pacific Life’s negligence carrying out its contractual duty to provide notice. See Rae v. Air-Speed, Inc., 386 Mass. 187, 192–193 (1982) (where insurance broker contracted with employer to procure workers’ compensation insurance policy, but negligently failed to do so, employee who is left without coverage as a result may sue broker for negligence); see also LeBlanc v. Logan Hilton Joint Venture, 463 Mass. 316, 327–328 (2012) (third-party injured by negligent performance of contractual obligation may sue in tort for negligence).
Pacific Life also argues that “a negligence claim based on lack of notice … should not be allowed because the Policy terminated for the failure to pay premium not as the result of lack of notice.” This argument entirely misses the point. Plaintiffs allege that Pacific Life had a contractual duty to provide proper and timely notice, it negligently failed to do so, and as a result Plaintiffs had no idea that any additional premium payment was required, no payment was made, and Pacific Life terminated the Policy for non-payment. As discussed above, those allegations plausibly suggest that Pacific Life may be liable in tort for all consequential damages caused by its negligence.
2. Unjust Enrichment. Plaintiffs have not stated a viable claim for unjust enrichment on behalf of the Trust. Since Pacific Life concedes that the Policy is valid, and the Trust therefore has a valid and enforceable contract that defines its relationship with Pacific Life, the Trust may not also sue for unjust enrichment.
“Ordinarily, a claim of unjust enrichment will not lie ‘where there is a valid contract that defines the obligations of the parties.’ ”Metropolitan Life Ins. Co. v. Cotter, 464 Mass. 623, 641 (2013), quoting Boston Med. Ctr. Corp. v. Secretary of Executive Office of Health & Human Servs., 463 Mass. 447, 467 (2012). That is because “[a] valid contract defines the obligations of the parties as to matters within its scope, displacing to that extent any inquiry into unjust enrichment.”
 
                                                            -4-
 
Boston Med. Ctr. Corp., 463 Mass. at 467, quoting Restatement (Third) of Restitution and Unjust Enrichment § 2 (2011).
In contrast, Robert and Sybil Sheinkopf are entitled to assert an unjust enrichment claim in the alternative to their contract claims, because Pacific Life is taking the position that they are not parties to the Policy and therefore are not entitled to sue for breach of contract.
That position may prove to be incorrect, as the Sheinkopfs appear to be intended third-party beneficiaries with a right to enforce the Policy. See generally, e.g., Flattery v. Gregory, 397 Mass. 143, 151 (1986); O’Connell v. Reliance Ins. Co., 50 Mass. App. Ct. 334, 337 (2000).
But since Pacific Life is challenging the Sheinkopfs’ right to sue for breach of contract, they may press their claim in the alternative for unjust enrichment. Where there is a dispute as to whether the parties entered into a valid and binding contract, then a plaintiff is entitled to assert a claim for unjust enrichment in the alternative to its claim for breach of contract. See generally Zelby Holdings, Inc. v. Videogenix, Inc., 92 Mass. App. Ct. 86, 93 (2017) (reversing dismissal of unjust enrichment claim).
Pacific Life’s insistence that it cannot be liable for unjust enrichment because it did not unfairly retain any money cannot be resolved on the pleadings or on the face of the proposed amended complaint. Plaintiffs allege that Pacific Life improperly retained money without continuing the Policy in effect. The Court must assume that those allegations are true for the purpose of deciding whether the proposed unjust enrichment claim would be fatal. See, e.g., Rafferty v. Merck & Co., Inc., 479 Mass. 141, 147 (2018) (in deciding whether claims can survive Rule 12(b)(6) motion to dismiss, court must assume that factual allegations are true and draw “every reasonable inference in favor of” party asserting claim).
3. Breach of Fiduciary Duty. The fiduciary duty claim would be futile because the facts alleged in the proposed amended complaint do not plausibly suggest that Pacific Life owed any fiduciary duty to the Trust or to the Sheinkopfs.
“The relationship of insurer and policy holder does not entail a fiduciary duty ‘absent special circumstances of assertion, representation and reliance.’ ” Szymanski v. Bos. Mut. Life Ins. Co., 56 Mass. App. Ct. 367, 381–382 (2002), rev. denied, 438 Mass. 1106 (2003), quoting Baldwin Crane & Equip. Corp. v. Riley & Rielly Ins. Agency, Inc., 44 Mass. App. Ct. 29, 32 (1997). That Pacific Life sought
 
                                                            -5-
 
out or accepted Plaintiffs’ business is not enough to plausibly suggest that Pacific Life owed any a fiduciary duty. Id. at 382. Allegations that Plaintiffs were relying on Pacific Life, without more, would also not suffice. Id. It makes no difference that Pacific Life is a mutual insurance company.
4. Chapter 93A. Finally, the proposed claim under G.L. c. 93A would be futile because the factual allegations in the proposed amended complaint do not plausibly suggest that that Pacific Life did anything that was “unfair” or “deceptive” within the meaning of the statute.
The crux of the Plaintiffs’ allegations is that Pacific Life negligently breached its contractual obligation to provide timely notice of an impending lapse, thereby failed to give the Plaintiffs time to pay additional premium and keep the Policy in effect as required under the Policy, and that negligent performance of Pacific Life’s contractual duties has harmed the Plaintiffs.
Neither negligence nor a breach of contract implicates c. 93A, at least not without additional facts not alleged here. “[A] violation of G.L. c. 93A requires, at the very least, more than a finding of mere negligence.” Boyle v. Zurich American Ins. Co., 472 Mass. 649, 662 (2015), quoting Darviris v. Petros, 442 Mass. 274, 278 (2004). Thus, “a negligent miscalculation” that involved no intentional deceit or negligent misrepresentation does not violate c. 93A. Id. Similarly, “the mere breach of a contract, without more, does not amount to a c. 93A violation.” Madan v. Royal Indem. Co., 26 Mass. App. Ct. 756, 762 (1989).
Plaintiffs’ assertion that Pacific Life had a “conflict of interest” does not salvage the 93A claim because it does not plausibly suggest that Pacific Life engaged in any unfair or deceptive conduct in violation of c. 93A.
And Plaintiffs’ argument in its reply memorandum that “Pacific Life intentionally failed to provide the Plaintiffs and Sean Flynn with actual notice of the premium payment being due” seems pulled from thin air, as it is not based on any factual allegations in the proposed amended complaint. In their proposed pleading, Plaintiffs assert that Pacific Life “failed to exercise reasonable care” and committed one “error” after another. These are allegations of negligence, not intentional misconduct.
If Pacific Life’s conduct was negligent, as Plaintiffs specifically contend in their proposed amended complaint, then it cannot also be intentional or even reckless; the difference between intentional or reckless conduct and negligence “is a difference in kind and not in degree.” See Sabatinelli v. Butler, 363 Mass.
 
                                                            -6-
 
565, 567 (1973); accord Waters v. Blackshear, 412 Mass. 589, 590 (1992) (“Intentional conduct cannot be negligent conduct and … negligent conduct cannot be intentional conduct.”); Hanover Ins. Group, Inc. v. Raw Seafoods, Inc., 91 Mass. App. Ct. 401, 408 (2017) (“Intentional and negligent conduct are mutually exclusive.”).
ORDER
Plaintiffs’ motion for leave to file first amended complaint is allowed in part to the extent that Plaintiffs seek leave to assert a claim for negligence, to revise the factual allegations supporting their current claims, and to assert a claim of unjust enrichment on behalf of Robert Sheinkopf and Sybil Sheinkopf. This motion is denied in part to the extent that Plaintiffs seek to assert a claim for unjust enrichment on behalf of the Robert Sheinkopf Family Irrevocable Trust, or to assert claims for breach of fiduciary duty or violating G.L. c. 93A. Plaintiffs shall serve and file a first amended complaint that is consistent with this order no later than February 28, 2025.