WILLIAM P. PRITCHARD *vs.* OLD COLONY STREET RAILWAY COMPANY.

Bristol.     October 27, 1913. — December 13, 1913.

Présent: RUGG, C. J., MORTON, BRALEY, SHELDON, & DE COURCY, JJ.

*Agency*, Scope of employment. *Corporation*, Officers and agents. *Evidence.*

At the trial of an action by a physician against a street railway company for the value of professional services, alleged to have been rendered to an injured employee of the defendant at its request, there was no contention that the defendant was liable for the injuries to the employee. There was evidence tending to show that the plaintiff was the employee's family physician, that the defendant's claim adjuster had offered to the employee to have the defendant's physician treat him, and, upon the employee expressing a preference for the plaintiff, had told him to "keep right along with" the plaintiff; that, in the course of the treatment of the employee, it became necessary for him to go to a hospital, and that, at the plaintiff's suggestion, the employee's wife asked the claim adjuster if he would give permission to have the employee taken to a hospital and whether the defendant "would foot the expenses," that the adjuster had said that the defendant would do so, that the plaintiff thereupon took the employee to the hospital and attended him there, and that the hospital bill was paid by the defendant; that the claim adjuster on previous occasions had sent injured employees to the plaintiff for treatment and that, upon presentation of the bills for such treatment to the claim adjuster, they were paid by the defendant. The plaintiff offered evidence, which was excluded, tending to show that the same practice had existed with a previous claim adjuster of the defendant. *Held,* that the evidence offered and excluded was admissible, in connection with the other evidence, for the purpose of showing the extent to which the defendant had held out and recognized the authority of its

claim adjusters to deal with the plaintiff, and how far the plaintiff was justified in dealing with them as he did.  *Held,* also, that on the evidence a finding was warranted that the claim adjuster had apparent authority to deal with the plaintiff, and that on such a finding the defendant would be liable.

MORTON, J.  This is an action to recover for medical attendance upon one Albert E. Rice.  The trial judge * directed a verdict for the defendant upon a stipulation by it "that if on all the evidence properly admissible and admitted the Supreme Judicial Court finds that the case should have been given to the jury, judgment may be entered by that court for the plaintiff for the amount of the declaration."  The case is here on the plaintiff's exceptions.  All the material evidence is contained in the bill of exceptions.

Rice was injured on September 27, 1906, while in the employ of the defendant, and was brought to the plaintiff's office for treatment.  No contention was made that the defendant was liable for the injury, and Rice was taken to the plaintiff's office because he said that the plaintiff was his family physician and he wanted to go to him.  There was evidence, to the admission of which the defendant excepted, tending to show that a few days after he was injured one Frank M. Silvia, who testified that he had been claim agent or adjuster for the defendant company since 1906, came to the house of Rice and asked him what doctor he had and he told him Dr. Pritchard, and that Silvia said, "You know he is not the company's doctor.  You can have the company's doctor if you want," and Rice told him he would rather have Dr. Pritchard because he was more used to him, and Silvia said, "Well, so long as you want the doctor, Dr. Pritchard, keep right along with him."  The plaintiff continued to attend Rice at his home till October 22, when he took him to the hospital, where he continued to treat him till his return to his home on January 23, and afterwards.  Before taking Rice to the hospital, the plaintiff asked Mrs. Rice to ask Silvia if he would give him permission to take Rice to the hospital and if "they would foot the expenses," and the reply was to take him there and "they would foot the bills;" and in consequence of that he took him to the hospital and attended him there.  No objection was made to the introduction of this testimony.  It appeared that the bill

---

* *Fox,* J.

at the hospital, amounting to $134.86, had been paid by the defendant company through Silvia. Subject to the defendant's exception evidence was introduced by the plaintiff tending to show that he had treated injured employees brought to him by a former claim adjuster, a Mr. Whiting, and by Silvia, and that the defendant had paid him for all such cases, the bills having been sent to the claim adjuster. Later in the course of the trial this evidence was limited, subject to the plaintiff's exceptions, to cases brought by Silvia. Silvia was a witness and testified amongst other things that neither he nor Whiting had authority as claim adjuster to engage physicians to attend cases for the defendant.

We think that the evidence that was excluded should have been admitted. It was admissible, it seems to us, in connection with the other evidence that was introduced, for the purpose of showing the extent to which the defendant had held out and recognized the claim adjusters as having authority to take employees who had been injured in the company's service to the plaintiff, and as showing how far the plaintiff was justified by the course of dealing in assuming that the claim adjusters had such authority, and in dealing with them on that footing. *Taft* v. *Baker,* 100 Mass. 68. *Rice* v. *James,* 193 Mass. 458. *Brooks* v. *Shaw,* 197 Mass. 376.

It was for the jury to say whether, taking the whole course of dealing between the plaintiff and defendant into account, including the payment by the defendant of the bill at the hospital, Silvia had apparent authority to deal with the plaintiff as he did. If the jury found that he had such authority and that acting within the scope of it he employed the plaintiff to attend Rice, the defendant would be liable. We think that there was evidence warranting such a finding. The jury were not bound to accept Silvia's statement as to his authority, and they also could take into account the fact that no explanation was offered by the defendant, so far as appears, of the payment by it of the bill at the hospital. If Silvia had apparent authority to deal with the plaintiff, then the conversation with him that was objected to was properly admitted. The case is widely different from the cases of *King* v. *Forbes Lithograph Manuf. Co.* 183 Mass. 301, and *Rice* v. *New York Central & Hudson River Railroad,* 195 Mass. 507, relied on by the defendant.

It follows from what we have said that in accordance with the stipulation judgment is to be entered for the plaintiff for the amount named in the declaration, namely, $326.08.

*So ordered.*

The case was submitted on briefs.

*A. G. Weeks & S. M. Lamarre,* for the plaintiff.

*J. T. Swift,* for the defendant.