WILLIAM FORGERON *vs.* COREY HILL GARAGE, INC.

Suffolk.   March 18, 1924. — May 21, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Corporation,* Officers and agents.   *Agency,* Scope of authority.

At the trial of an action against a corporation for money loaned by the plaintiff to the defendant, there was evidence tending to show that there were three officers of the defendant, a president, a vice-president, and a treasurer, who constituted the board of directors and controlled all its stock; that the treasurer applied to the plaintiff for a loan to the defendant and the plaintiff gave him a check for the amount claimed in the declaration payable to the order of the treasurer personally, which was indorsed by him to the defendant and deposited to its credit; that the plaintiff previously had made loans to the defendant through the treasurer which did not appear on the defendant's books; that the president and treasurer talked over the matter of a loan before the one in question was made; that the loan was made without the knowledge or authority of the president except as above stated and without the knowledge or authority of the vice-president; that the

books of the corporation were kept under the direction of the treasurer and that under his direction the loan in question was entered thereon; that the treasurer under the by-laws of the corporation was the only person authorized to sign, indorse and accept notes and checks on behalf of the defendant in the course of its business. There was further evidence that the treasurer had withdrawn funds of the defendant for his personal use before and after the loan in question, and that he owed the corporation, but there was no contention that the plaintiff did not make the loan to the defendant in good faith or that he had any knowledge of wrongdoing on the part of the treasurer. *Held,* that

(1) While there was no evidence of any actual or express authority given to the treasurer to borrow money for the defendant, yet it could not have been ruled that there was no evidence of an apparent authority so to act;

(2) It was a question of fact, whether the treasurer was held out by the defendant as its agent with ostensible authority to borrow money in its behalf.

CONTRACT for $1,008.25, with a declaration in two counts, the plaintiff alleging in the first count that that sum was due to him by reason of a loan of $925 by him to the defendant, and in the second count claiming that amount and interest as money had and received by the defendant to the plaintiff's use. Writ in the Municipal Court of the City of Boston dated July 11, 1922.

Material evidence at the trial in the Municipal Court is described in the opinion. At the close of the evidence, the defendant asked for the following rulings:

" 1. That upon all the evidence the defendant is entitled to a verdict.

" 2. That in the absence of authority conferred upon him either by the by-laws or by a vote of the board of directors, the treasurer of the defendant corporation had no authority to borrow any money on the credit of the corporation.

" 3. In the absence of any evidence of ratification of the treasurer in borrowing money for the corporation, the fact that the money of the plaintiff went into the funds of the corporation does not make the corporation liable.

" 4. In the absence of any evidence of ratification on the part of the defendant, the fact that the treasurer of the corporation deposited funds borrowed in the account of the corporation does not make the corporation liable, if at the same time the treasurer was heavily indebted to the corporation.

" 5. In order to show ratification of the treasurer's acts in borrowing money from the plaintiff, the plaintiff must show that the corporation at a duly held meeting of the board of directors ratified the act of the treasurer."

The rulings were refused. There was a finding for the plaintiff and a report by the trial judge to the Appellate Division, who ordered the report dismissed. The defendant appealed.

*H. Bergson*, for the defendant.

*A. H. Lewis*, for the plaintiff.

CROSBY, J. This is an action of contract to recover $925, alleged to have been lent to the defendant corporation. The officers of the corporation were James McPherson, president, Louis Wolfson, vice-president, and William H. McPherson, treasurer. These three constituted the board of directors and controlled all the stock on February 15, 1921. There was evidence tending to show that on or about February 15, 1921, the treasurer applied to the plaintiff for a loan to the defendant of $1,000; that on the same day the plaintiff drew a check for $925 payable to the order of Mc-Pherson and indorsed by him to the defendant, which was deposited to its credit in a bank where the defendant transacted business; that the plaintiff had previously made loans to the defendant through McPherson; that such loans did not appear on the books of the corporation; that the president and the treasurer talked over the matter of a loan before the one in question was made; that thereafter the treasurer asked the plaintiff to make the loan; that it was made without the knowledge or authority of the president except as herein stated, and without the knowledge or authority of Wolfson, the other director.

There was also evidence that the books of the defendant were kept by a bookkeeper under the treasurer's direction; that after indorsing the check he turned it over to the bookkeeper with instructions to make the necessary entry on the books; that on the cash book, under date of February 15, 1921, appears the following: " W. Forgeron, loan $925 "; that thereafter this entry appeared on the defendant's books; that the treasurer, under the by-laws of the corporation, was

the only person authorized to sign, indorse and accept checks and notes on behalf of the defendant in the course of its business.

There was further evidence that the treasurer had withdrawn for his personal use funds of the defendant before and after the loan in question was made, and which he owed the corporation.

In the trial court the defendant filed certain requests for rulings which were denied and a finding was made for the plaintiff. The only question for our decision is whether as matter of law the plaintiff, from the facts stated and the rational inferences to be drawn therefrom, is precluded from recovery. No contention is made that he did not make the loan in good faith to the defendant or that he had knowledge of any wrongdoing on the part of its treasurer.

Although the authority to borrow money and to execute and deliver promissory notes is one of the most important which a principal can confer upon an agent, and such authority " is not lightly to be implied," *Williams* v. *Dugan,* 217 Mass. 526, yet the principal may be bound by such acts if his conduct is such that it can be found he has clothed the agent with apparent or ostensible authority to borrow money in his behalf. While there is no evidence of any actual or express authority given to the treasurer to borrow money for the defendant, yet it could not have been ruled that there was no evidence of an apparent authority so to act. Taking into account the circumstances that the treasurer was the only person authorized under the by-laws to sign notes; that the plaintiff, at the request of the treasurer, had made previous loans to the defendant which had been repaid by it; that the note was entered on the books; and that the loan was deposited to the credit of the defendant, it was a question of fact whether the treasurer was held out by the defendant as its agent with ostensible authority to borrow money in its behalf. *Produce Exchange Trust Co.* v. *Bieberbach,* 176 Mass. 577. *Brooks* v. *Shaw,* 197 Mass. 376. *Rintamaki* v. *Cunard Steamship Co. Ltd.* 205 Mass. 115. *Parrot* v. *Mexican Central Railway,* 207 Mass. 184.

*Pritchard* v. *Old Colony Street Railway*, 216 Mass. 221.
*Boston Food Products Co.* v. *Wilson & Co.* 245 Mass. 550.

It follows that the defendant's first and second requests were rightly refused; and as the question of ratification does not arise the other requests are immaterial.

*Order dismissing report affirmed.*