OSCAR LONG *vs.* UNION INDEMNITY COMPANY.

Suffolk. November 3, 1931. — December 3, 1931.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Insurance,* Motor vehicle liability. *Contract,* Construction. *Negligence,* Of insurance company.

No cause of action was set forth in the declaration in an action of tort against an insurance company, which contained allegations that the defendant issued to the plaintiff a motor vehicle liability insurance policy whereby the defendant undertook to defend actions brought against the plaintiff or, at the option of the defendant, "to settle in the name and on behalf of the plaintiff any claims, suits, or other legal proceedings"; that, against the protest of the plaintiff, attorneys selected by the defendant consented to the entry of judgment against the plaintiff in an action in a certain county for injuries sustained by a woman in a collision in which the plaintiff was involved; that, to the knowledge of the defendant, the plaintiff had brought an action against the woman in another county for damages sustained by him in the same collision; and that, by reason of the judgment entered in the action by the woman, judgment was entered for her in the action against her by the plaintiff following the recording, with leave reserved under G. L. c. 231, § 120, of a verdict in his favor.

TORT. Writ dated February 9, 1931.

The declaration is described in the opinion. The defendant demurred. The demurrer was heard by *Keating,* J., in the Superior Court and was sustained. The judge thereupon reported his ruling for determination by this court.

*H. E. Cohen,* for the plaintiff.

*P. D. Turner,* for the defendant.

WAIT, J. The declaration in this action alleged that the defendant undertook "to indemnify the plaintiff against loss by reason of the liability to pay damages to others for bodily injuries sustained during the year 1927 by any person, arising out of the ownership and operation, maintenance, control or use upon the ways of this Commonwealth of a motor vehicle, owned by the plaintiff"; that the plaintiff was involved in a collision in which one McDougall claimed to have been injured; that plaintiff reported the occurrence to the defendant which undertook to care for the claim and any liability in connection therewith pursuant to its contract "to defend any action brought or at the option of the company to settle in the name and on behalf of the plaintiff any claims, suits, or other legal proceedings, alleging injuries and demanding damages on account thereof"; that, having been sued in an action returnable in Norfolk County, he handed the summons served upon him to the defendant and the defendant turned the matter over to attorneys of its selection to be handled in the name and on behalf of the plaintiff. It further alleged that "by consent of the attorneys nominated by this defendant to represent this plaintiff and who purported to act under their oath of office as attorneys at law of this court promoting the interests of this plaintiff" judgment was rendered against the plaintiff as defendant in the action; but that the judgment was not by his consent, on the contrary was against his expressed wishes, against his interest and in violation of the obligation owed to him by the defendant and its attorneys. It alleged further that the plaintiff brought suit against McDougall in the county of Suffolk, claiming damage to his person and property; that at trial therein the presiding justice allowed McDougall by amendment to set forth as an answer that she had secured judgment in Norfolk County in the action there brought by her based on a claim that the plaintiff here had been negligent in the aforesaid collision; that after verdict for the plaintiff the judge set the verdict aside under leave

reserved pursuant to statute, and the Supreme Judicial Court sustained the judge holding the judgment in Norfolk County to be conclusive and binding upon this plaintiff; that the defendant was informed of the proceedings in the action in Suffolk County and had full opportunity to remedy any wrong done by the confession of judgment in Norfolk County. It claimed damages for the alleged violation of duty. It alleged that the policy of insurance had been lost; and thus accounted for failure to annex a copy.

The defendant demurred on the ground that the matters alleged were insufficient in law to sustain the action. The trial judge sustained the demurrer and reported the case.

No error appears. *Biggio* v. *Magee,* 272 Mass. 185. An insurance company, under a policy such as the declaration discloses, has an absolute right to dispose of an action brought against its assured and by him turned over to it to defend or, at its option, to settle, in such way as may appear to it for its best interests. It is not bound "to consult the interest of the insured to the prejudice of its own interests in case of a conflict between the two"; and the fact of protest by the insured is immaterial. *Davison* v. *Maryland Casualty Co.* 197 Mass. 167, 171. *Nesson* v. *United States Casualty Co.* 201 Mass. 71. See *Rollins* v. *Bay View Auto Parts Co.* 239 Mass. 414. The allegations of obligation to and of action in behalf of the plaintiff are statements of legal conclusion and are not sufficient to defeat demurrer.

The plaintiff does not deny the right of the defendant to settle the action in Norfolk County; but contends that the action should have been, and could have been, disposed of by entries which would not prejudice the plaintiff's action in Suffolk County. Nothing is set out in the declaration to support this contention. An entry of agreement for judgment for the plaintiff in that action was an appropriate method of settlement. For all that appears, it was the only entry to which that plaintiff would agree. Obviously it was the entry which she would insist upon in view of a possible outcome of the action against her pending in Suffolk County. No negligence on the part of the insurance company or its

attorneys appears.    Knowledge of the loss which might result to the assured did not bar their right to act for the interest of the company.

Pursuant to the stipulation of the report, the order will be
*Judgment for the defendant without costs.*