JEREMIAH HAYES *vs.* RICHARD R. GESSNER.

Plymouth.    November 4, 1943. — January 31, 1944.

Present: FIELD, C.J., LUMMUS, QUA, & RONAN, JJ.

*Estoppel. Agency,* What constitutes, Scope of authority or employment. *Insurance,* Motor vehicle insurance, Investigator. *Limitations, Statute of.*

Evidence warranted a finding that one, whose negligence had caused personal injuries, was estopped from setting up the defence of the statute of limitations where it appeared that his agent acting within the scope of his authority had made an offer of settlement to the injured person in June previous to the expiration of the period of limitation in August

and had suggested to him the advisability of not consulting an attorney but to "let things lie this summer, and then in the fall we can take the matter up. You can always have the . . . [sum offered] at any time," and that the injured person had relied upon such assurance and had not brought an action until the following November.

One insured under a policy of compulsory motor vehicle insurance which gave to the insurance company "the sole right of settlement and defence" was bound by conduct of the company which induced one injured through negligence of the insured to delay bringing an action against the insured beyond the statutory period of limitation therefor, although under the policy the company in negotiations with the injured person might exercise its own judgment to its own advantage uncontrolled by the insured.

A finding was warranted that a company which was the insurer in a policy of compulsory motor vehicle insurance, by giving to an investigator authority to "handle a claim" made against the insured, and specific authority to offer a certain sum of money in settlement, conferred upon him authority to state when the money would be paid or how long, within reason, the offer would remain open.

TORT. Writ in the Second District Court of Plymouth dated November 28, 1941.

On removal to the Superior Court the case was tried before *Beaudreau*, J.

*E. A. Egan*, for the plaintiff.

*D. H. Fulton*, for the defendant.

QUA, J. On August 11, 1940, the plaintiff was injured by the defendant's operation of his automobile upon a public way under such circumstances that the jury might find the defendant liable. But the plaintiff did not bring this action until November 28, 1941, after the expiration of the year allowed for the bringing of such an action by G. L. (Ter. Ed.) c. 260, § 4, as latest amended by St. 1937, c. 385, § 9. The judge directed a verdict for the defendant. The issue in the case is whether the jury could have found that the defendant was estopped from setting up the statute as a defence. *McLearn* v. *Hill*, 276 Mass. 519, 527.

The facts by which the right of the plaintiff to go to the jury must be tested appear by agreement of the parties from the plaintiff's opening and offer of proof and from admissions of the defendant. These facts, in so far as they need be stated, are as follows: The defendant was insured under a compulsory motor vehicle liability policy which provided

"that the sole right of settlement and defense was in the hands of the insurance carrier." The exact wording of the policy does not appear in the record. One Murdoch, an investigator for the insurance company, "in accordance with his duty, handled the claim of the plaintiff." At different times after the accident Murdoch talked with the plaintiff about a settlement. The plaintiff was asking $3,000. Finally, late in May or early in June, 1941, Murdoch, "in consequence of specific authority . . . from his superior," offered a total sum of $1,500. The plaintiff said that was absurd, and that he would have to go to a lawyer. Murdoch replied that the plaintiff "ought to think twice about that"; that he "would have nothing but a lot of delay"; and that when the lawyer and the expenses were paid the plaintiff "would be just as well off to take the $1,500." The plaintiff said that outside of every other consideration his foot and leg were in such condition that he did not believe he should settle at that time; that he did not know what was going to happen to him. Murdoch replied in substance, "Well, then, why don't you let things lie this summer, and then in the fall we can take the matter up. You can always have $1,500 . . . at any time. And then in the fall if you think you want to go to a lawyer and he can get more for you, why, you can go to a lawyer or you can take the $1,500 then." The plaintiff "relied upon" Murdoch's statement that the plaintiff "could have his $1,500 at any time on request, and that he could take the matter up at the end of the summer or in the early fall." In the fall (October 31) the plaintiff wrote Murdoch again, calling his attention to the claim. The company answered through Murdoch to the effect that the statute of limitations had barred the claim on August 11, 1941, and that the company could give it no further consideration.

On this evidence the jury could have found that at a time when the plaintiff had a perfectly good cause of action Murdoch persuaded him not to seek legal advice and to wait until the bar of the statute fell by promising him that he could bring the matter up later and could have at least $1,500 at any time. The jury could have found that the plaintiff

was induced to refrain from necessary action upon representations that the offer was a continuing one, and that delay was harmless and would not prejudice his rights. If Murdoch's conduct is binding upon the defendant, the defendant could have been found to be estopped from now taking a position at variance with the representations upon which the plaintiff relied. *McLearn* v. *Hill*, 276 Mass. 519. *Raldne Realty Corp.* v. *Brooks*, 281 Mass. 233. The case is distinguishable on the facts from *Ford* v. *Rogovin*, 289 Mass. 549.

Murdoch's conduct is binding upon the defendant. By the terms of the policy the defendant had conferred "the sole right of settlement and defense" upon his insurance company. By so doing he not only authorized the company to conclude a settlement by which he would be bound but he also necessarily authorized the company to conduct the negotiations required to make such a settlement. Just as the defendant would have been bound by the effect of these negotiations if they had resulted in a settlement, so also is he bound when they result in an estoppel. He cannot turn over to an insurer the whole management of the subject of settlements in his behalf and accept the benefit of the insurer's efforts when they are successful and relieve him from liability but repudiate their consequences when they affect his defence adversely. It is no answer to say that the company acts in its own behalf, and that the defendant cannot control its conduct. It does act in its own behalf, but it also acts in behalf of the defendant to the extent of his interest in the defence, although by the terms of the contract the company may exercise its own judgment to its own advantage uncontrolled by the defendant. *Long* v. *Union Indemnity Co.* 277 Mass. 428. *Abrams* v. *Factory Mutual Liability Ins. Co.* 298 Mass. 141, 143–144. *Service Mutual Liability Ins. Co.* v. *Aronofsky*, 308 Mass. 249, 252. See *Shaw* v. *Victoria Coach Line, Inc.* 314 Mass. 262; *Hilker* v. *Western Automobile Ins. Co.* 204 Wis. 1 (overruling *Wisconsin Zinc Co.* v. *Fidelity & Deposit Co.* 162 Wis. 39); *G. A. Stowers Furniture Co.* v. *American Indemnity Co.* (Tex. Com. App.) 15 S. W. (2d) 544; *Douglas* v. *United States*

*Fidelity & Guaranty Co.* 81 N. H. 371. In *Rollins* v. *Bay View Auto Parts Co.* 239 Mass. 414, 420, the right of the company is referred to as a "power coupled with an interest." And see *Abrams* v. *Factory Mutual Liability Ins. Co.,* *supra.* It is perfectly possible to create by contract an agency power so coupled with an interest that the creator can neither revoke nor control the exercise of the power. *Mulloney* v. *Black,* 244 Mass. 391. *Hale* v. *Hillcrest Realty Co. Inc.* 276 Mass. 63, 75. *Harlow Realty Co.* v. *Cotter,* 284 Mass. 68, 70. Am. Law Inst. Restatement: Agency, §§ 138, 139.

And it could have been found that Murdoch acted throughout within the authority conferred upon him as an investigator by the company. We think it could have been found to be within the ostensible authority of a claim agent or investigator authorized to make an offer of settlement to state when the money would be paid or how long, within reason, the offer would remain open. In substance, that is what Murdoch did. See *Brooks* v. *Shaw,* 197 Mass. 376; *Pritchard* v. *Old Colony Street Railway,* 216 Mass. 221; *Shapiro* v. *Security Ins. Co.* 256 Mass. 358; *Lewis* v. *Chapin,* 263 Mass. 168, 172; *Ferris* v. *Boston & Maine Railroad,* 291 Mass. 529, 532–533; *Alfred J. Silberstein Inc.* v. *Nash,* 298 Mass. 170, 172–173.

The plaintiff's exceptions are sustained, and in accordance with the stipulation of the parties judgment is to be entered for the plaintiff in the sum of $1,500.

*So ordered.*