EVERETT E. ROONEY *vs.* LUDLOW MFG. & SALES SOCIAL & ATHLETIC CLUB, INC.

Hampden. May 26, 1953. — June 30, 1953.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Snow and Ice. Notice. Insurance,* General liability insurance. *Agency,* What constitutes, Of insurer for insured.

One, injured by falling upon snow and ice on premises whose owner was the insured under a general liability insurance policy providing that the insurer should defend suits against the owner and should be entitled to investigate claims and that the owner should forward to the insurer any notice or process received by him, did not give the notice required by G. L. (Ter. Ed.) c. 84, §§ 18, 21, as amended, to the owner merely by giving to an investigator of the insurer a signed statement concerning the accident not shown to have been obtained with the knowledge of the owner or to have been turned over to the owner; the investigator was not an agent of the owner in obtaining the statement.

TORT. Writ in the Superior Court dated May 6, 1949.

The action was tried before *Warner, J.*

In this court the case was submitted on briefs.

*Henry A. Moran, Jr.,* for the plaintiff.

*Ralph S. Spooner & Arthur E. Quimby,* for the defendant.

SPALDING, J. On February 1, 1949, the plaintiff, a business invitee of the defendant, was injured when he slipped and fell by reason of an accumulation of snow and ice on a stairway on the defendant's premises. The plaintiff had a verdict which was recorded under leave reserved. Thereafter the judge entered a verdict for the defendant, subject to the plaintiff's exception. The bill of exceptions states that the sole question for decision is whether the plaintiff "gave notice to the defendant as required by G. L. (Ter. Ed.) c. 84, § 18, and in the manner set forth in § 21."

The facts relating to this issue are these. At the time of the accident "the defendant had in force a general liability insurance policy (owners', landlords', and tenants' form) with the Liberty Mutual Insurance Company," hereinafter called Liberty. This policy, which is before us, appears to be broad enough to cover liability of the sort here involved and no contention is made to the contrary. On February 9, 1949 (eight days after the accident), one Silva, an investigator of Liberty, called on the plaintiff and obtained from him a written statement setting forth the details of the accident. The statement was signed by the plaintiff. "There was no evidence that the defendant had any knowledge that Silva was going to contact the plaintiff or take a written statement from him." It is agreed that "no writing, other than . . . [this statement], was made by the plaintiff within thirty days after the accident." There was no evidence that the statement was ever given by Liberty to the defendant. Pertinent provisions of the defendant's insurance policy are the following: "As respects such insurance as is afforded by the other terms of this policy the company shall (a) defend in his name and behalf any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company shall have the right to make such investigation, negotiation and settlement of any claim or suit as may be deemed expedient by the company . . . .. If claim is made or

suit is brought against the insured, the insured shall imme-
diately forward to the company every demand, notice, sum-
mons or other process received by him or his representative.''

We are not called upon to decide whether the statement
sufficiently set forth the time, place and cause of the injury
in accordance with G. L. (Ter. Ed.) c. 84, §§ 18–21, as
amended. The parties agree that the question for decision
is whether the plaintiff by giving the statement to Liberty's
investigator gave the notice required by the statute.

. To recover the plaintiff was required to prove that he
gave to the defendant a written notice of the time, place, and
cause of the injury within thirty days after the injury.
G. L. (Ter. Ed.) c. 84, §§ 18–21. *DePrizio* v. *F. W. Wool-
worth Co.* 291 Mass. 143. *Regan* v. *Atlantic Refining Co.*
304 Mass. 353. The giving of the statement to Liberty's
investigator did not constitute such notice. The defendant
was the person primarily liable, and the fact that it had
a contract of insurance with Liberty did not alter the
situation. If the judgment obtained by the plaintiff ex-
ceeded, as it might, the amount covered by the policy, the
defendant would have to pay it. And there might be
circumstances in which the defendant might have to pay
the entire judgment. For example, the policy contains
the usual coöperation clause, and if the defendant failed to
fulfill its obligations under that clause Liberty could dis-
claim liability with the result that the defendant would not
have the benefit of the policy. See *Salonen* v. *Paananen,*
320 Mass. 568. It is no answer to say that in most, if not
all, cases a defendant would turn over notices of this sort
to the insurer as, indeed, he is required to do under the
policy here involved. A defendant still ought to have the
notice to which he is entitled under the statute. He may
desire to make his own investigation of the accident, and he
is not in a position to do so if he does not have the statutory
notice. It is not within our power to extend the statute to
reach a situation not comprehended by it.

The plaintiff argues that when Liberty's investigator ob-
tained the statement from him he was acting as agent for

the defendant. In support of this position he relies on *Hayes* v. *Gessner*, 315 Mass. 366. In that case there was evidence that at a time when the plaintiff had a good case an adjuster of the defendant's insurance company persuaded the plaintiff not to seek legal advice and to wait until the bar of the statute fell by promising him that he could bring the matter up later and could have at least $1,500 at any time. It was held that the conduct of the adjuster of the defendant's insurer bound the defendant and estopped him from setting up the statute of limitations. In that case where the insurer under the policy had "the sole right of settlement and defense" the court reasoned that the defendant could not "turn over to an insurer the whole management of the subject of settlements in his behalf and accept the benefit of the insurer's efforts when they are successful and relieve him from liability but repudiate their consequences when they affect his defence adversely" (page 369). The case at bar is distinguishable. Here the insurer had "the right to make such investigation . . . of any claim or suit as may be deemed expedient by the company," but it did not have the exclusive right to do so. The defendant could still make such investigation as it saw fit and, as we have observed above, might desire to do so. We do not read the *Gessner* case as laying down the broad proposition that the relationship of assured and insurer creates a general relationship of principal and agent. That would be a difficult proposition to maintain. Whether there might be instances other than that involved in the *Gessner* case where the insurer could be held to be the assured's agent need not be decided. For present purposes it is enough to say that, if there are any, this is not one of them.

By reason of his failure to give the statutory notice the plaintiff had no case (*Regan* v. *Atlantic Refining Co.* 304 Mass. 353, 354), and the judge rightly entered a verdict for the defendant.

*Exceptions overruled.*