193 So.2d 701 (1967)
Viola NORTH, Appellant,
v.
Leome CULMER, As Personal Representative of the Estate of John Edwin Culmer, Deceased et al., Appellees.
Hilton PAYNE and Edna Mae Payne, His Wife, Appellants,
v.
Leome CULMER, As Personal Representative of the Estate of John Edwin Culmer, Deceased et al., Appellees.
John Ivey NORTH, Jr., Appellant,
v.
Leome CULMER, As Personal Representative of the Estate of John Edwin Culmer, Deceased et al., Appellees.
Nos. 296-298.
District Court of Appeal of Florida. Fourth District.
January 5, 1967.
*702 William Whitaker and Karl O. Koepke, Orlando, for appellants.
Daniel J. LeFevre, Winter Park, for appellees.
GONZALEZ, JOSE A., Jr., Associate Judge.
These appeals raise an interesting question of whether the actions of an automobile liability insurance company in negotiating a settlement with Plaintiff's attorneys may, under special circumstances, give rise to an estoppel to assert the limitations provided for in Section 733.16, F.S.A., which governs the time, form and manner of presenting claims against a decedent's estate.
These three appeals have been consolidated for disposition by this Court since they involve common questions of law and fact. Rule 2.2(a) (2), Florida Appellate Rules, 31 F.S.A.
Plaintiffs appeal from a final judgment which granted Defendants' motion for summary judgment and held that Plaintiffs' actions were barred by non-compliance with Section 733.16(1) (a), F.S.A., in that Plaintiffs had failed to present any claim or *703 demand against the decedent's estate within the period provided by law.
Plaintiffs' Complaints allege that on May 2, 1961, an automobile operated by the Plaintiff, John Ivey North, Jr., and occupied by the Plaintiffs Viola North and Edna Mae Payne was struck in the rear by a vehicle driven by John Edwin Culmer. The Plaintiffs suffered personal injury and property damage although the Defendant Culmer was uninjured.
At the time of the accident the Plaintiffs were residents of Polk County, Florida, and Mr. Culmer was a resident of Miami, Florida.
The affidavits and other proofs offered in support of and opposition to the motion reveal that on June 2, 1961, Culmer reported the matter to Terry Graham Insurance Agency, Inc., Biscayne Building, Miami, Florida; and that on June 6, 1961, the case was referred to Glens Falls Insurance Company, Orlando, Florida, Defendants' insurer, for its action.
Thereafter and on September 11, 1961, one Walter W. Card, a claims representative of Glens Falls, contacted Plaintiffs' attorney in an attempt to negotiate a settlement.
Exchange of medical information and settlement negotiations then began between Plaintiffs' counsel and Mr. Card.
Plaintiffs' counsel did not thereafter attempt to contact or communicate with Mr. Culmer by reason of ethical considerations and the code of the conduct governing the relationship between attorneys and claims adjusters.
These negotiations continued until July 12, 1963, although they were delayed in the interim due to Glens Falls assigning a new adjuster to the case, a Mr. Herman Hilliard, who was unfamiliar with the file.
On July 12, 1963, Plaintiffs' counsel made an appointment with Mr. Hilliard to discuss possible settlement and was led to believe that a satisfactory settlement of the Plaintiffs' claims could be concluded without the necessity of filing suit.
Filing of suit was thereupon delayed since it appeared the matter would be amicably disposed of.
On July 26 and July 29, 1963, Plaintiffs' attorney attempted to contact Mr. Hilliard but without success.
Subsequently, Plaintiffs' attorney was informed that Mr. Hilliard was no longer employed by Glens Falls and that the matter had been turned over to another claims representative, Mr. Roger Christenson, who would contact counsel as soon as he was familiar with the file.
Plaintiffs' counsel resumed negotiations with Mr. Christenson, however, he was again informed of a further change of adjusters and was told that the matter would henceforth be handled by Mr. Hank Schwalke.
On January 23, 1964, a Mr. Girt of Glens Falls called counsel's office and stated that still another claims representative, Mr. Robert Pigford, would be in a position to negotiate a settlement of Plaintiffs' claims within three weeks.
Finally on March 4, 1964, Plaintiffs filed the present actions for damages naming John Edwin Culmer as Defendant.
On March 31, 1964, Glens Falls Insurance Company for the first time informed Plaintiffs' counsel of the fact that its insured, John Edwin Culmer, had died in Dade County, Florida, on June 18, 1963, and that the first publication of Notice to Creditors, as required by Section 733.16, F.S.A., was published in the Miami Review, a newspaper of general circulation in Dade County, Florida, on July 17, 1963.
*704 The primary point here for determination is, of course, whether the pleadings, admissions, interrogatoies and affidavits on file present a genuine issue of material fact on the question of whether or not the acts of the agents of decedent's liability insurance carrier acting in his behalf estop his personal representative from asserting the nonclaim statute as a bar to bar these actions.
Section 733.16, F.S.A., provides that all claims or demands for damages for the acts of a decedent shall be barred unless such claim or demand be filed in the manner therein provided within six months from the time of the first publication of the notice to creditors.
It is the general rule that unless the requirements of the statute are strictly complied with, action on the claim will be barred, absent some exception to the rule.
It follows, therefore, that in the absence of the application of the doctrine of estoppel, Plaintiffs' claims would be barred since they failed to comply with the provisions of Section 733.16, F.S.A., by January 17, 1964, and, in fact, did not file the present actions until almost two months following the running of the period of limitations.
Estoppel is a doctrine that is well entrenched in the jurisprudence of Florida. From the earliest cases the Florida Supreme Court has applied the doctrine of estoppel as a result of silence when common honesty and fair dealing demanded that a person estopped should have spoken. Hollingsworth v. Handcock, 1856, 7 Fla. 338; Nichols v. Bodenwein, 1932, 107 Fla. 25, 146 So. 86, 659; United Service Corp. v. Vi-An Construction Corp., Fla. 1955, 77 So.2d 800.
It is established by the overwhelming weight of authority that the equitable doctrine of estoppel in pais is applicable in a proper case to prevent an inequitable resort to the Statute of Limitations. 34 Am.Jur., Limitation of Action, Sec. 411; and although the application of the doctrine to prevent the setting up of the Statutes of Limitations is generally confined to instances in which an element of deception is involved, actual fraud in the technical sense, bad faith, or an intent to mislead or deceive is not essential to create such an estoppel. 34 Am.Jur., Limitation of Action, Sec. 412.
It is enough if the conduct claimed as a basis for the estoppel is done with actual or virtual intent that the other party should act upon it. Booth v. Lenox, 1903, 45 Fla. 191, 34 So. 566; State ex rel. Watson v. Gray, Fla. 1950, 48 So.2d 84; 12 Fla. Jur., Estoppel and Waiver, Sec. 23.
Was the conduct of Glens Falls and its agents, if proven, sufficient to estop Defendants from now asserting the non-claim statute as a bar to Plaintiffs' claims?
We hold that it was. Defendants tacitly admit that Glens Falls was decedent's liability insurance carrier. As such it was authorized to conduct negotiations required to effect a settlement. Just as Defendants would have been bound by the effect of these negotiations had they resulted in a settlement, so also are they bound when they result in an estoppel. For an excellent discussion of this issue see Hayes v. Gessner, 1944, 315 Mass. 366, 52 N.E.2d 968, and cases cited therein.
Furthermore, it is well established in the law of Florida that an estoppel operates on the parties to the transaction out of which it arises and their privies. 12 Fla.Jur., Estoppel and Waiver, Sec. 73. Such an estoppel as to privies is effective as to privies in contract, Smith v. Urquhart, 1937, 129 Fla. 742, 176 So. 787; Marion Mtg. Co. v. Grennan, 1932, 106 Fla. 913, 143 So. 761, 87 A.L.R. 1492; and likewise affects personal representatives. 12 *705 Fla.Jur., Estoppel and Waiver, Sec. 77, as in the present case.
Likewise, the Courts of Florida have not been reluctant to apply the doctrine of estoppel so as to bar strict application of Section 733.16, F.S.A.
In Adams v. Hackensack Trust Co., 1945, 156 Fla. 20, 22 So.2d 392, an executor advised a claimant that the deceased died in New York but did not disclose that the will was being probated in Florida until after the time for filing claims had expired. Meanwhile, the claimant was assured by a representative of the estate's New York and New Jersey interests that the claim had been properly filed and would be paid. The Florida Supreme Court therein held that the executor was estopped from asserting the statute of non-claim in bar of the action.
The more recent case of Davis v. Evans, Fla.App. 1961, 132 So.2d 476, applied the doctrine of estoppel to bar the application of the non-claim statute where a legal representative of the decedent's estate continued to file pleadings in a pending action against decedent until after the period for filing claims had expired thus fairly raising the inference that the original party Defendant was still alive.
Such conduct, if proven, works an estoppel under the principle of "One who is silent when he ought to speak will not be heard to speak when he ought to be silent." Davis v. Evans, supra.
To induce in Plaintiff a reasonable belief that his claim will be settled, and to continue negotiations even after the expiration of the limitations period may well constitute a waiver or estoppel to the defense of the Statute of Limitations. Kinsey v. Thompson, 1963, 44 Ill. App.2d 304, 194 N.E.2d 565.
There are circumstances under which the affirmative acts of a personal representative will operate to waive the statutory bar that would otherwise arise from non-compliance with the strict language of the non-claim statute. Davis v. Evans, supra; Ramseyer v. Datson, 1935, 120 Fla. 414, 162 So. 904; State Bank of Orlando & Trust Co. v. Macy, 1931, 101 Fla. 140, 133 So. 876, 78 A.L.R. 1119.
This rule should apply with no less force to a matter of the character here involved.
The Supreme Judicial Court of Massachusetts has on at least four occasions considered circumstances similar to those in the case at bar. In each case it was held that a defendant could be estopped to plead the Statute of Limitations when the statements or conduct of an insurance adjuster acting on defendant's behalf induce a plaintiff to delay legal action in the reasonable relief that an amicable settlement will be achieved. McLearn v. Hill, 1931, 276 Mass. 519, 177 N.E. 617, 77 A.L.R. 1039; Hayes v. Gessner, supra; Knight v. Lawrence, 1954, 331 Mass. 293, 118 N.E.2d 747; MacKeen v. Kasinskas, 1956, 333 Mass. 695, 132 N.E.2d 732.
By this opinion, we join in that view.
Where the delay in commencing an action is induced by the conduct of the defendant, or his privies, or an insurance adjuster acting in his behalf, it cannot be availed of by any of them as a defense.
One cannot justly or equitably lull an adversary into a false sense of security thereby subjecting his claim to the bar of limitations, and then be heard to plead that very delay as a defense to the action when brought. Acts or conduct which wrongfully induce a party to believe an amicable adjustment of his claim will be made may create an estoppel against pleading the Statute of Limitations. Regus v. Schartkoff, 1957, 156 Cal. App.2d 382, 319 P.2d 721. See also: McCloskey & Co. v. Dickinson, *706 Munic.Ct. of App., Wash., D.C., 1947, 56 A.2d 442; Schaefer v. Kerber, 1951, 105 Cal. App.2d 645, 234 P.2d 109; Carruth v. Fritch, 1950, 36 Cal.2d 426, 224 P.2d 702.
Estoppel is an affirmative defense and is waived unless specifically pleaded. Gulf Life Ins. Co. v. Ferguson, Fla. 1952, 59 So.2d 371; Rule 1.8, Florida Rules of Civil Procedure, 30 F.S.A.
In the instant case, Plaintiffs moved for leave to file a reply to Defendants' answer setting forth the affirmative defense of equitable estoppel to the plea by answer of the period of limitations. This motion was denied.
Rule 1.7(a), Florida Rules of Civil Procedure, provides that the court may order a reply to an answer. In the present case sound practice dictates that Plaintiffs be permitted to file a reply asserting their affirmative defense so as to properly frame the issues for trial. Jarrard Motors v. Associates Discount Corp., Fla. 1957, 99 So.2d 272.
The record before the trial court upon Defendants' motion for summary judgment discloses the existence of a genuine controversy upon the material question of whether Defendants are estopped to assert non-compliance with Section 733.16, F.S.A., as a bar to recovery in this action. Under the circumstances, it was error to enter summary final judgment in this case in behalf of Defendants.
Accordingly, the judgment appealed from is reversed and this cause is remanded with directions to permit Plaintiffs to affirmatively plead estoppel by way of reply to Defendants' answer, and to otherwise proceed in accordance herewith.
Reversed and remanded.
WALDEN, C.J., and ANDREWS, J., concur.