PER CURIAM.
The personal representative appeals on order requiring him to pay appellee’s $5,000 claim against the estate predicated upon an unmatured promissory note. Appellant contends that the claim was barred by Section 733.709, Florida Statutes (1977). We reverse.
Section 733.709 provides:
733.709 Claims undisposed of after 1 year — When a person has filed a claim against an estate and the claim has not been paid, settled, or otherwise disposed of and no proceeding is pending for the enforcement or compulsory payment of it at the expiration of 1 year from the date the claim was filed, the claim shall be forever barred. No action shall thereafter be brought to enforce it. This section shall not affect the lien of any duly recorded mortgage or security interest or the lien of any person .in possession of personal property or the right to foreclose and enforce the mortgage or lien, (emphasis added).
It is undisputed that no such proceeding was pending one year after appellee’s claim was filed.
The trial court was of the opinion that this section did not apply to appellee’s claim and, alternatively, that even if it did apply, the personal representative, waived the right to assert it.
We find that appellee’s claim fell within the purview of this section. The trial court cannot create an exception where the statute does not. In Re: Brown’s Estate, 117 So.2d 478 (Fla.1960). See also In Re: Estate of Perlman, 381 So.2d 248, (Fla. 4th DCA, Nov. 28, 1979).
As to the waiver claim (which was actually an estoppel argument), the evidence was insufficient to establish that any conduct of the personal representative or his agents wrongfully induced the appellee to believe that an adjustment of his claim would be made, so as to lull him into failing to properly preserve it. North v. Culmer, 193 So.2d 701 (Fla. 4th DCA 1967). See also Adams v. Hackensack Trust Company, 156 Fla. 20, 22 So.2d 392 (1945); Davis v. Evans, 132 So.2d 476 (Fla. 4th DCA 1961) cert. den. 136 So.2d 348 (Fla.1961).
Accordingly, the order is reversed.
DOWNEY, C. J., and LETTS and MOORE, JJ., concur.