Dolan, J.
I respectfully dissent from the majority opinion.
The court ruled in the present case that because Donovan defaulted in the previous small claims action he is barred on res judicata grounds from bringing another action arising from the same accident. This would be true if Donovan were required by the rules to bring any and all counterclaims he might have had in small claims proceedings else suffer possible issue preclusion of any future claims arising from the same incident. Such is not the case.[1]
Rule 3(c) of the Uniform Small Claims Rules states that a defendant's counterclaims shall not be compulsory. The Appeals Court has held that where a small claims defendant loses in an action seeking collection for services rendered he will not be barred from bringing a later action against the service provider on 93A grounds. Smith v. Caggiano, 12 Mass. App. Ct. 41, 46 (1981). This decision was based in large part on the non-compulsory nature of counterclaims in small claims *221 court as is provided Rule 3(c).
To ascribe the permissive sense to Rule 3 (c) is in conformity with the legislative intent expressed in G.L. c. 218, §21 which establishes the Small Claims Court. That statute provides that the rulemaking power granted to the court be exercised in such a way as to provide for a simple, informal, and inexpensive procedure for the determination of small claims. Small claims procedures should not require the layman to have an understanding of the legal technicalities and requirements that exist regarding compulsory counterclaims in ordinary civil actions.
The limited scope of procedure in the Small Claims Court warrants a new determination of negligence in the District Court where the procedures are far more extensive. This is consistent with the result offered by the RESTATEMENT OF JUDGMENTS (1982). The RESTATEMENT, section 28, provides an illustration in which A brings an action for property damage in a small claims court and prevails on the basis of a finding of B's negligence. In a subsequent action by B against A the finding of B's negligence is not conclusive. Id. at 280, illustration no. 7.
Even if the case before us had been a regular civil action, Dist/Mun. Cts. R. Civ. P., Rule 13(a) (3) would have rendered a similar outcome. Rule 13(a) (3) excludes from compulsory counterclaims any claims “if part or all of the pleader's claim is based upon property damage arising out of a collision, personal injury, including actions for consequential damages or death.” Donovan's present claim falls within this rule.
Rule 13 (a) (3) was included as an exception to the compulsory counterclaim rule because of the potential for conflict of interest where an assured party is represented by his insurance carrier's attorney in the first action. If the same lawyer were charged with protecting both the interests of the insurance carrier in defending a claim and the interests of the assured in asserting a claim, problems of conflict of interest would naturally arise. See Reporter's Notes, Mass. Ann. Laws, Civil Rule 13 (Law. Co-op. 1982). See also Parrell v. Kenan, 389 Mass. 809, 815 n. 7 (1983).
Strict res judicata principles could preclude an insured motorist from bringing a law suit after an insurance carrier had disposed of a case against him in such a way as may appear to the insurance carrier to be in the best interests of the insurance carrier but which may not be in the best interests of the insured motorist. The insurance carrier is not bound “to consult the interest of the insured to the prejudice of its own interest in the case of a conflict between the two.” Long v. Union Indemnity Co., 277 Mass. 428, 430 (1931).
Rule 13 of the Mass. Civ. P. Rules, effective July 1, 1974, changes the normalresult of res judicata principle. The application of Rule 13 to the. principle of res judicata reflects the fact that the real party in interest in defending amotor vehicle accident claim is not usually the named defendant but his insurance carrier. The real party in interest not being the same when a motorist is both defending and prosecuting, res judicata is modified by Rule 13 so that it does not apply.
Again, the RESTATEMENT OF JUDGMENTS offers support to this conclusion. It state's in section 22 in relevant part that:
(2) A defendant who may impose a claim as a counterclaim in an action butfails to do so is precluded, after the rendition of judgment in that action, from maintaining an action on the claim if:
(a) The counterclaim is required to be imposed by a compulsory counterclaim or rule of court, or
(b) The relationship between the counterclaim and the plaintiff's claim is such that successful prosecution of the second action would nullify the initial judgment or would impair rights established in the initial action.
*222 Of particular note is the illustration which follows the above restatement
1. A brings an action against B for the negligent driving of an automobile by B-resulting in a collision with an automobile driven by A. B fails to plead and judgment by default is given against him. B is not precluded from subsequently maintaining an action against A for his own injuries on the grounds that those injuries were the result of A's negligence. Id.
While it is desirable that all claims be included in the same action, policy decisions have been made in adopting court rules which weigh that desirable goal against the danger of conflicts of interest of attorneys representing insurance companies and the desirability of simple, informal procedures in the Small Claims Court. Rule 3 (c) of the Small Claims Rules of Dist./Mun. Cts. R. Civ. P., Rule 13(a) (3) are the result of policy decisions.
Plaintiff Donovan's claim not being subject to issue preclusion by application of res judicata, the trial court's allowance of summary judgment should be vacated and an order remanding this case for trial should be entered.
Concurring Opinion

 A specific court decision on the res judicata effect of a determination of defendant's negligence by the small claims court has not as yet been rendered. Cousineau v. Laramee, 388 Mass. 859, 863 n. 4 (1983).