Hillman, J.
This case arises out of a dispute concerning coverage under a homeowners insurance policy agreement. The plaintiff, Frank Ricardelli (“Ricardelli”) was sued by his granddaughter, Tara Fitzgerald (“Tara”) in the State of New Hampshire. That lawsuit alleged that Ricardelli sexually assaulted and raped her while she was between the ages of three and sixteen. The lawsuit also alleged that he negligently failed to protect her from the sexual abuse of others. The defendant, Merrimack Mutual Insurance Company (“Merrimack”), the provider of Ricardelli’s homeowners insurance, undertook to defend the lawsuit under a reservation of rights. That reservation was occasioned by the intentional tort claims. Subsequently, Merrimack agreed to settle the negligence claim only against Ricardelli and after settling, sent him a letter announcing their intention to withdraw its defense of the remaining tort claim. Ricardelli now brings suit seeking declaratory and injunctive relief and monetary damages for alleged breach of contract (Count I), negligence (Count II), intentional or negli *80 gent infliction of emotional distress (Count IV), and a violation of G.L.c. 93A (Count V).
On January 26, 2001, Ricardelli filed an Emergency Motion to Compel Merrimack to continue’his defense in the underlying New Hampshire tort case. This Court (Hillman, J.) issued a temporary restraining order restraining Merrimack from ceasing its defense until an expedited hearing could be held on Merrimack’s Motion to Dismiss. For the following reasons, Merrimack’s Motion to Dismiss is ALLOWED.

BACKGROUND

On May 14, 1985, Merrimack issued a homeowners insurance policy to Ricardelli and his wife Carolyn (“Carolyn”). On November 22, 1999, Tara brought suit in the New Hampshire Superior Court against Carolyn. This suit alleged that Carolyn negligently failed to protect Tara from sexual abuse, assault, and harassment by Ricardelli. Merrimack provided a defense to Carolyn and also conducted an investigation into the allegations by Tara.
Subsequently, Tara brought a separate civil action against Ricardelli. This suit alleged that Ricardelli had sexually assaulted, abused, and raped (Count I) Tara between the ages of three and sixteen. Tara also alleged that Ricardelli acted negligently in failing to prevent sexual abuse committed by Tara’s brother against Tara (Count II).
After notice of Tara’s suit, Ricardelli notified Merrimack and requested a defense. On August 24, 2000, Merrimack agreed to provide a defense under a reservation of rights. Specifically, Merrimack stated that “there [was] no coverage under this policy for any of the claims set forth in Count I of [Tara’s] declaration,” but “coverage may ultimately be available for Count II.”
On or about one month after Tara commenced suit against Ricardelli, Merrimack agreed to settle with Tara all of her claims against Carolyn and her negligence claim against Ricardelli. The settlement sum was $67,500.00. Pursuant to the terms of the settlement, Tara agreed to release Ricardelli from “all negligence claims” and "to file a Motion for Voluntary Non-Suit with prejudice for the negligence count against him,” but reserved the right to retain “the remaining count for assault and battery (Count I) . . . and ... to pursue Ricardelli’s personal assets.”
After learning of the settlement, Ricardelli complained continuously. Specifically, Ricardelli claims that Merrimack acted in its own self-interest in settling the case on the negligence claim, leaving him exposed to personal liability. Ricardelli also claims that he was denied the opportunity to participate in settlement discussions or negotiations. Further, Ricardelli asserts that Merrimack failed to provide him with a meaningful defense by withhold-aided his defense.

DISCUSSION

I. Standard of Review
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the Court must accept as true the well pleaded factual allegations of the complaint, as well as any inference which can he drawn therefrom in plaintiffs favor. Fairneny v. Savogran Co., 422 Mass. 469, 470 (1996); Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). “[The] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977); quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
II. Breach of Contract
Ricardelli contends that Merrimack is in breach of its insurance contract with him since it engaged in settlement negotiations with Tara without notice to him or consultation with him and/or his attorney. Ricardelli also alleges that Merrimack settled in its own self-interest and left him exposed to personal liability. “The interpretation of an insurance contract is no different from the interpretation of any other contract, and we must construe the words of the policy in their usual and ordinary sense.” Hakim v. Massachusetts Insurers’ Insolvency Fund, 424 Mass. 275, 280 (1997) (citations omitted). Section II, Coverage E of the policy clearly states:
If a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage cause by an occurrence to which this coverage applies, we will:
2. provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the occurrence equals our limit of liability.
In addition, Massachusetts appellate authority holds that:
An insurance company . . . has an absolute right to dispose of an action brought against its assured and by him turned over to it to defend or, at its option, to settle, in such way as may appear to it for its best interest. It is not bound “to consult the interest of the insured to the prejudice of its own interests in case of a conflict between the two”; and the fact of protest by the insured is immaterial.
Long v. Union Indem. Co., 277 Mass. 428, 430 (1931).
Based on the holding in Long and the language in the policy, it is clear that Merrimack is free to settle the case at their option without consulting Ricardelli, and may act in its own best interest when settling the *81 case. Therefore, Merrimack did not breach any contractual obligation by settling with Tara.
Ricardelli further contends that Merrimack breached its duty to defend under the insurance agreement by failing to provide a defense to Ricardelli on Count I of Tara’s complaint. In Massachusetts, “if the allegations of the complaint are ‘reasonably susceptible’ of an interpretation that they state or adumbrate a claim covered by the policy terms, the insurer must undertake the defense.” Sterilite Corp. v. Continental Cas. Co., 17 Mass.App.Ct. 316, 318 (1983) (citations omitted). This obligates Merrimack to defend both Count I and Count II of Tara’s complaint against Ricardelli. However, the Appeals Court in Sterilite, held that this duty to defend is not absolute. Specifically, the Appeals Court stated, “(The) [insurer] can, by certain steps, get clear of the duty [to] [defend] from and after the time when it demonstrates with conclusive effect on the third party that as a matter of fact — as distinguished from the appearances of the complaint and policy — the third party cannot establish a claim within the insurance.” Id. at 323. Based on the holding in Sterilite, once any claims covered by the policy are dismissed or settled, Merrimack is completely justified in terminating its defense of any claims not covered by the insurance policy. See Conway Chevrolet-Buick, Inc. v. Travelers Indem. Co., 136 F.3d 210, 214-15 (1st Cir. 1998) (applying Massachusetts law and holding that a partial summary judgment dismissing claims covered by the policy and leaving only uncovered claims, allowed insurer to end defense of uncovered claims and avoid a breach of contract and unfair business practices action by its insured). Conway and Sterilite both involved. dismissal of covered claims by means of an involuntary dismissal upon a grant of a dispositive motion. At bar, Merrimack has settled voluntarily and now seeks to terminate its defense of Ricardelli. While Massachusetts case law is silent as to this specific situation, sister jurisdictions have addressed this issue.
In Meadowbrook, Inc. v. Tower Ins. Co., Inc., 559 N.W.2d 411 (Minn. 1997), the insurer settled the covered claims and sought to withdraw its defense of the covered claims as Merrimack seeks to do in this case. The Supreme Court of Minnesota held that:
Although the insured argues that public policy requires courts to block insurers from “casting adrift” an insured in the midst of litigation, we conclude that public policy requires the opposite rule. To require an insurer who undertakes a defense on the basis of arguably covered claims to remain in the litigation even after those claims have been resolved, is to force the insurer to defend claims not arguably covered by the policy . . .
Id. at 416.
Merrimack acted well within its rights and obligations as provided by the policy language and the applicable case law, and therefore has not breached any contract of insurance with Ricardelli. Merrimack's Motion to Dismiss on Count I is ALLOWED.
III. Negligence
In order to prevail on a claim of negligence, Ricardelli must demonstrate that 1) there was a duty or standard of care owed to him by Merrimack: 2) Merrimack’s conduct constituted a breach of such duty or violation of such standard of care; 3) Merrimack’s conduct was the proximate cause of his harm; and 4) he suffered actual harm. See Bennett v. Eagle Book Country Store, Inc., 408 Mass. 355, 358 (1990) (citations omitted). In addition, a plaintiff cannot sustain a cause of action for negligence if there is no duty owed to plaintiff by defendant and whether a duty is owed is a question of law for the court. See Yakubowicz v. Paramount Pictures Corp., 404 Mass. 624, 629 (1989) (citations omitted). Merrimack clearly fulfilled its obligations to defend the claims covered by Ricardelli’s homeowners insurance policy. With respect to the uncovered claims, Merrimack had no duty to defend those claims as discussed above. Since Merrimack had no duty to defend, any claims of negligence relating to the alleged mishandling or lack of defense on the uncovered claims must fail. Therefore, Merrimack’s Motion to Dismiss on this Count is ALLOWED.
IV. Emotional Distress
To prevail on a claim for intentional infliction of emotional distress Ricardelli must show that Merrimack 1) intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; 2) the conduct was “extreme and outrageous,” was “beyond all possible bounds of decency” and was “utterly intolerable in a civilized community”; 3) Merrimack’s actions caused Ricardelli’s distress; 4) the emotional distress Ricardelli sustained was “severe” and of a nature “that no reasonable man could be expected to endure it.” See Agis v. Howard Johnson Co., 371 Mass. 140, 144-45 (1976). It is clear that Merrimack’s conduct does not give rise to a claim for intentional infliction of emotional distress. It is not “extreme and outrageous” or “beyond all possible bounds of decency,” to settle an insurance claim and terminate an insurance defense. Massachusetts appellate authority clearly demonstrates the nature of the “extreme and outrageous” requirement. See George v. Jordan Marsh Co., 359 Mass. 244, 255-56 (1971) (holding creditor’s repeated harassment tactics that caused debtor to suffer two heart attacks was “extreme and outrageous” conduct). In addition, the conduct complained of by Ricardelli is not conduct that would cause Ricardelli such emotional distress “that no reasonable man could be expected to endure it.” Agis, supra, at 144-45. People engage in transactions with insurance companies regarding these types of matters everyday, and there is no evidence that Merrimack engaged in any *82 conduct that could be classified as “extreme and outrageous.”
With respect to the claim of negligent infliction of emotional distress, Massachusetts case law holds that physical injury or harm must result to sustain a claim for emotional distress founded on negligence. See Payton v. Abbott Labs., 386 Mass. 540, 552 (1982). Ricardelli’s complaint does not present any allegations of physical harm suffered by him as a result of any actions on the part of Merrimack. Therefore, Merrimack’s Motion to Dismiss as to Count IV is ALLOWED.
V. G.L.c. 93A
Ricardelli contends that Merrimack is liable under G.L.c. 93A since they breached the insurance agreement. As discussed above, Merrimack is not in breach of any contract of insurance with Ricardelli. Therefore, this argument for G.L.c. 93A liability must fail. Massachusetts case law does provide that “the breach of an insurer’s duty to act in good faith to settle a claim brought against an insured within the policy limits, provides a sufficient basis for recovery under c. 93A, §9.” DiMarzo v. American Mut. Ins. Co., 389 Mass. 85, 97 (1983). However, the First Circuit, applying Massachusetts law, has held that reasonable withdrawal of an insurer’s defense does not give rise to a G.L.c. 93A claim. See Conway, supra, at 215. In Conway, plaintiff brought suit against the insured under G.L.c. 93A alleging that the insured engaged in unfair and deceptive business acts, “by deliberately breaching its duty to defend ...” Conway, supra, at 215. The First Circuit stated, “[The] [insurer’s] participation and subsequent withdrawal following partial summary judgment was entirely reasonable and did not constitute a breach of the contractual duty to defend. A fortiori, its handling of the case did not amount to unfair and deceptive business conduct under chapter 93A.” Conway, supra, at 215. Therefore, Merrimack’s withdrawal of its defense on Count I of the complaint against Ricardelli is not actionable under G.L.c. 93A. Accordingly, Merrimack’s Motion to Dismiss on Count V is ALLOWED.
V. Declaratory Judgment
Ricardelli seeks a declaratory judgment, pursuant to G.L.c. 231A (Count III), stating that he is entitled to coverage for defense and indemnity with respect to all the claims under the policy. Based on the foregoing discussion, Ricardelli is not entitled to coverage for the uncovered intentional tort claim alleged against him and Merrimack properly settled the negligence claim brought by Tara.
ORDER
For the foregoing reasons, the defendant’s Motion to Dismiss is ALLOWED as to all Counts.